1 | Alexandre Ian Cornelius (SBN 180652)
Summer Saad (SBN 250337)
2 | **COSTELL & CORNELIUS LAW CORP**
1299 Ocean Avenue, Suite 450
3 | Santa Monica, CA 90401
Telephone:      (310) 458-5959
4 | Facsimile:      (310) 458-7959
Email: acornelius@costell-law.com
5 | Email: ssaad@costelllaw.com

6 | Attorneys for Defendant LUCY GAO,

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11

| In re | Case No. 2:16-bk-13575-TD |
|---|---|
| LIBERTY   ASSET   MANAGEMENT CORPORATION, a California corporation, | Chapter 11 |
|  | Adv. No. 2:16-ap-01337-TD |
| Debtor. | **GAO'S RESPONSE TO THE SEPARATE STATEMENT OF UNDISPUTED FACT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION OF DEFENDANTS' LIABILITY FOR BREACH OF FIDUCIARY DUTIES AND ACCOUNTING AND GAO'S ADDITIONAL DISPUTED MATERIAL FACTS** |
| OFFICIAL   UNSECURED   CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION, |  |
| Plaintiff, |  |
| v. | Date:   December 21, 2016 |
| LUCY GAO, an individual, and BENJAMIN KIRK, an individual | Time:   11:00am |
| Defendants. | Place:  Courtroom 1345 |
|  |          255 E. Temple St. |
|  |          Los Angeles, CA 90012 |
|  | Judge: Thomas B. Donovan |

Defendant Lucy Gao hereby submit the following Response to the Separate Statement of Undisputed Material Facts filed by the Plaintiff in connection with its Motions for

1

Summary Adjudication (the "MSA") of Defendant, Lucy Gao's Liability for Breach of

Fiduciary Duties and Accounting and Gao's additional disputed material facts.

| | MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTIES' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The Debtor's amended schedules (signed by Lawrence Perkins as CRO) reflect disputed unsecured claims of more than $68 million, consisting entirely of unpaid investment funds.<br><br>Request for Judicial Notice ("RJN"), Exhibit A (Schedule E/F) at pp. 1-6. | Undisputed as to the amount set forth in the schedule but disputed as to whether those amounts are unpaid investments funds.   For instance, the claim of JD Brothers filed in this case, 19-1, indicates that JD Brothers claim is made up of its alleged profit from the sale of the Geary Building and not its alleged investment in Liberty.<br><br>See Claims Register 19-1 |
| 2. | The Debtor's original schedules, signed by Kirk under penalty of perjury, identify the same claims but admit liability and list them as undisputed.<br><br>RJN, Exhibit B (Schedule E/F). | Undisputed. |
| 3. | Typically, the Debtor entered a contract with an investor (an "Investment Contract") to purchase and sell a specific parcel of real estate, or, pursuant to what it referred to as a non- specific asset management contract, and the investor would wire money to the Debtor.<br><br>Declaration of Jeremy Richards ("Richards Declaration"), Exhibit A; Declaration of Shao Fang Huang ("Huang Declaration"), Exhibit A. | Disputed.<br><br>Lucy Gao never signed any investment contracts on behalf of the Debtor, did not draft or prepare any investment contracts and had no involvement in raising any funds from any alleged investors.<br><br>See, Declaration of Lucy Gao ("Gao Dec.") ¶ ¶ 7, 8, 9, 10, 14 and 15; Declaration of Alexandre Cornelius ("Cornelius Dec.") Ex. 6, 341(a) Testimony of Benny Kirk, pages 5, 6, 13-19; Gao Request for Judicial Notice ("Gao RJN") Ex. 3. |
| 4. | Pursuant to the Investment Contract, the Debtor was obligated to attempt to purchase a particular property for sale to its investor or provide an investment return on the funds. | Disputed.<br><br>Lucy Gao never signed any investment contracts on behalf of the Debtor, did not draft or prepare any investment contracts and had no involvement in raising any |

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| | *See, e.g.,* Huang Declaration, Exhibit A at Schedule 1; Richards Declaration, Exhibit A at ¶¶ 1-3. | funds from any alleged investors.<br><br>See, Gao Dec. ¶ ¶ 7, 8, 9, 10, 14 and 15; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13-19; Gao RJN Ex. 3. |
| 5. | On March 26, 2013, pursuant to an Investment Contract with Lee Walgreen, the Debtor received $3 million in its designated escrow, as evidenced by a wire confirmation to Sincere Escrow.<br><br>Huang Declaration, Exhibit B. | Disputed.<br><br>Lucy Gao never signed any investment contracts on behalf of the Debtor and is not aware of Lee Walgreen, did not draft or prepare any investment contracts and had no involvement in raising any funds from any alleged investors.<br><br>See, Declaration of Lucy Gao ("Gao Dec.") ¶ ¶ 7, 8, 9, 10, 14 and 15; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk page 5, 13-19; Gao RJN Ex. 3. |
| 6. | On the same day, March 26, 2013, the Debtor directed Sincere Escrow to pay almost all of the $3 million over to itself and one of its Investment Entities, as evidenced by escrow instructions and further wire confirmations. Accordingly, the Debtor received two wire payments for $1.8 million and $948,510; and 444 East Huntington LLC received $200,516.13, referenced as a "payoff for 500 W. Bonita."<br><br>Richards Declaration, Exhibit W. | Disputed.<br><br>Lucy Gao never signed any investment contracts on behalf of the Debtor, did not draft or prepare any investment contracts and had no involvement in raising any funds from any alleged investors.<br><br>See, Gao Dec. ¶ ¶ 7, 8, 9, 10, 14 and 15; Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 13-19; Gao RJN Ex. 3. |
| 7. | Kirk was the President and CEO of the Debtor, and is the legal owner of the Debtor.<br><br>Richards Declaration, Exhibit B at pp. 5:13-15 and 6:3-5; *see also* RJN, Exhibit T at ¶ 85. | Undisputed. |
| 8. | Kirk's primary role was bringing investors to the Debtor, and acquiring and selling properties; Gao was involved in "back office" functions. | Undisputed as Kirk's role.<br><br>Disputed as what "back office" meant. See, Gao Dec. ¶ ¶ 7, 8, 9, 10, 14, 15 and |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| | Richards Declaration, Exhibit C at pp. 25:17- 26:7; and RJN, Exhibit P at p. 15, ¶ 6. | 16; Cornelius Dec. Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13-19. |
| 9. | 9. Kirk refers to Gao as a "former partner" of the Debtor.<br><br>RJN, Exhibit B (SOFA) at pp. 4-6. | Disputed.<br><br>The debtor is a corporation and does not have "partners."<br><br>Gao relationship with Kirk and Liberty is set forth in the Gao Dec.<br><br>Gao Dec. ¶ ¶ 4, 5, 6, 7, 8, 9, and 10; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13-19. |
| 10. | Kirk testified on one occasion that he was the Operations Officer of the Debtor and Gao was the Chief Financial Officer of the Debtor.<br><br>Richards Declaration, Exhibit D at p. 17: 4-19. | Disputed.<br><br>The testimony cited by the Committee coming from Kirk discusses "other shareholders" and a "dissolved company" and this could not be the Debtor because it is still operating and Kirk has testified that he is the 100% shareholder and the only officer and director.<br><br>Kirk testified at the 341(a) that he was the only officer of the Debtor.<br><br>Richards Declaration, Exhibit D at p. 17: 4-19.<br><br>Gao Dec. ¶ 9; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5 and 6. |
| 11. | Gao holds an equitable ownership interest in the Debtor.<br><br>Richards Declaration, Exhibit E at Request for Admission No. 2. | Disputed.<br><br>Gao has a profit participation in certain property level limited liability companies formed at the direction of Kirk and the meaning of "equitable ownership" is not defined.<br><br>Gao Dec. ¶ ¶ 4-11. |
| 12. | Gao has held an equitable interest in the Debtor since its inception, although she is not its legal owner. | Undisputed as to Gao not being a legal owner of the Debtor. Disputed as to the rest. |

4

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| | Richards Declaration, Exhibit F at Interrogatory No. 1. | Gao has a profit participation in certain property level limited liability companies formed at the direction of Kirk and also the meaning of "equitable ownership" is not defined.

Gao Dec. ¶ ¶ 4-11. |
| 13. | 13. Gao and Kirk jointly operated the Debtor.

Richards Declaration, Exhibit C at p. 48: 16-25. | Disputed.

The testimony cited does not say "jointly operated the Debtor." It says "we worked on Liberty together" and considering Kirk's obviously lack fluent use of the English language as disclosed by reading the 341(a) transcript, there is no basis for the Committee's inference or stated fact.

Gao worked in the administrative department of the Debtor and did not jointly operate the Debtor with Kirk and took direction and instruction from Kirk.

Richards Declaration, Exhibit C at p. 48: 16-25.

Declaration of Lucy Gao ("Gao Dec.") ¶ ¶ 4-11; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 14. | Gao and Kirk, together with the Debtor, were in the business of investing in commercial and residential real estate.

RJN, Exhibit C at ¶ 4. | Disputed.

Richards Declaration, Exhibit C at p. 48: 16-25.

Gao worked in the administrative department of the Debtor and did not jointly operate the Debtor with Kirk and took direction and instruction from Kirk

Gao Dec. ¶ ¶ 4-11 and 17; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 15. | On June 22, 2016, after hearing testimony and argument, the Court made the following finding: "It seems to me that this Court must assert jurisdiction over Lucy | Disputed.    The   Court   made   these comments but this is not an undisputed fact since Mr. Kirk previously testified at the 341(a) that he was the 100% owner |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

|  |  |  |
|---|---|---|
|  | Gao as a beneficial participant in the Liberty Asset enterprise from the outset with Mr. Kirk, and with her participation acknowledged by Mr. – her beneficial participation confirmed today by Mr. Kirk's testimony."<br><br>Richards Declaration, Exhibit C at p. 151: 11-16. | and the only officer of Debtor and that he made all of the business decisions.  Mr. Kirk's subsequent testimony on June 22, 2016, contradicts his prior testimony at the 341(a) and cannot serve as the basis for an undisputed fact.<br><br>Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 16. | Gao identified herself in court pleadings as a Manager of the Debtor.<br><br>RJN, Exhibit D at ¶ 1. | Disputed.<br><br>The Debtor is a corporation and does not have a manager.  Gao was listed as the manager of various special purpose limited liability companies, but not the Debtor.<br><br>Gao Dec., ¶¶5-9 and 17. |
| 17. | Gao identified herself to third parties as the owner of the Debtor.<br><br>Richards Declaration, Exhibit G at 73840. | Disputed.<br><br>The company referenced in Ex. G to the Richard's Declaration is not the Debtor since the Debtor was not formed until 2012 and the entity listed in Exhibit G has a different tax number and it is irrelevant for the purposes of the Committee's Motion but Gao did not identify herself as an owner of the Debtor but of a different entity.<br><br>Gao Dec., ¶ 17 and Exs. 2 and 3. |
| 18. | Gao has certified in at least one financial statement that she is a partial owner of the Debtor.<br><br>Richards Declaration, Exhibit H at 64560. | Disputed.<br><br>The company referenced in Ex. G to the Richard's Declaration is not the Debtor since the Debtor was not formed until 2012 and the entity listed in Exhibit G has a different tax number and it is irrelevant for the purposes of the Committee's Motion but Gao did not identify herself as an owner of the Debtor but of a different entity.<br><br>Gao Dec., ¶ 17 and Exs. 2 and 3. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 19. | According to Gao, only she and Kirk had confidential information regarding the identity of the Debtor's investors. No employees had contact or spoke with the Debtor's investors.<br><br>RJN, ¶ C at ¶ 7. | Disputed.<br><br>The Committee has misquoted and taken these declarations out of context. Gao was speaking generally for the interests of the various parties, she indicated that "Plaintiff/Cross-Defendants have spent decades developing business relationships" which were kept confidential. This does not establish what the Committee is attempting to assert and the inference the Committee seeks from this general statement is not an undisputed material fact. These relationships were Kirk's and the Debtors, not Gao's as Kirk has testified that he solely interacted with the alleged investors.<br><br>Gao Dec., ¶ 18; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
|---|---|---|
| 20. | According to Gao, she and Kirk "spent decades developing business relationships and compiling a list of investors with particular needs and characteristics."<br><br>RJN, Exhibit C at ¶ 5. | Disputed.<br><br>The Committee has misquoted and taken these declarations out of context. Gao was speaking generally for the interests of the various parties, she indicated that "Plaintiff/Cross-Defendants have spent decades developing business relationships" which were kept confidential. This does not establish what the Committee is attempting to assert and the inference the Committee seeks from this general statement is not an undisputed material fact. These relationships were Kirk's and the Debtors, not Gao's as Kirk has testified that he solely interacted with the alleged investors.<br><br>Gao Dec., ¶ 18; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 21. | According to Gao, in a typical transaction, the Debtor's investors wired money directly to her.<br><br>RJN, Exhibit C at ¶ 8. | Disputed.<br><br>The Committee has misquoted and taken this out of context and it does not say what the Committee claims and does not support any such inference. Gao is aware that money was wired to the Debtor or to escrows.<br><br>Gao Dec., ¶ 18; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
|---|---|---|
| 22. | Once funds were in escrow for the Debtor, Gao directed transfers of the funds.<br><br>Richards Declaration at Exhibits I, J, K. | Disputed.<br><br>The Exhibits cited in the Richards Dec., Exs. I, J and K, do not state that Gao directed any transfers from Escrow. Frankly, the Committee is misreading or misrepresenting what these documents state in a misguided rush to judgment. Moreover, there is nothing in these Exs I, J and K that applies to all transactions or the Debtor across the board and three exhibits do not create a policy and are insufficient to show a company or debtor wide policy as argued and claimed by the Committee. Many of these alleged undisputed facts are simply arguments being asserted by the Committee based on one or two pieces of paper. |
| 23. | The Debtor's investment properties were not titled in the name of the Debtor or its investors.<br><br>Richards Declaration, Exhibit B at pp. 17: 16- 18:7. | Disputed.<br><br>This is directly contradicted by the 341(a) testimony of Kirk in which he states that investment properties were taken in the name of the Debtor. Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 14- 16. |
| 24. | In most instances, the Investment Entities were set up with Gao as the sole managing member.<br><br>Richards Declaration, Exhibit C at p. 26: 8-23. | Disputed.<br><br>Other entities were set up with Kirk as the managing member or Sonia Chiou or Shelby Ho.<br><br>Gao RJN 3; Gao Dec. ¶¶ 10-12. |

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| 25. | Kirk testified that Gao was the sole member to facilitate financing through banks and for tax purposes.<br><br>Richards Declaration, Exhibit C at pp. 26:8-23 and 27:2-7. *See also* Richards Declaration, Exhibit B at p. 17:24- 18:7. | Undisputed. As to Gao being the sole member for some of the Southern California entities. |
| 26. | Gao was the sole and/or managing member of the following Investment Entities identified in the Complaint:<br>HK Grace Building LLC<br>Strong Water Capital Management LLC<br>Coastline Investments LLC<br>Diamond Waterfalls LLC Atherton Financial Building LLC<br>Pacific View REO Management LLC<br>FACDC Azusa LLC<br>1595 17th Street LLC<br>    544 San Antonio Road LLC<br><br>Richards Declaration, Exhibit L. | Undisputed. However, this evidence is inadmissible as Jeremy Richards cannot authenticate any of it. |
| 27. | A hotel property, titled in the name of Crystal Waterfalls LLC, is the subject of a separate bankruptcy proceeding initiated by Gao.<br><br>RJN, Exhibit A (Schedule A/B) at No. 15.1 and RJN, Exhibit E at ¶¶ 3-4. | Undisputed. |
| 28. | The Debtor scheduled a 100% beneficial ownership interest in Crystal Waterfalls LLC.<br><br>RJN, Exhibit A (Schedule A/B) at No. 15.1. | Undisputed. |
| 29. | 29. East Heights LLC, Bridgestream Management LLC, and Green Oak Asset Management LLC hold title to real properties that are among the Debtor's scheduled assets.<br><br>RJN, Exhibit A (Schedule A/B) at Nos. 15.2, 15.3, and 15.4. | Undisputed that the Debtor has scheduled these but disputed as to whether the Debtor actually owns East Heights LLC, Bridgestream Management LLC.<br><br>See Gao's answer to the complaints in those adversary proceeding in which she denies the Committee's/Debtor's allegations.<br><br>Court's Docket for 2:16-ap-01144-TD (Docket No. 17, Answer)  and 2:16-ap-01141-TD (Docket No. 16, Answer). |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 30. | Gao is the managing member and controls East Heights LLC, Bridgestream Management LLC, and Green Oak Asset Management LLC.<br><br>Richards Declaration, Exhibit M (operating agreements).<br>/// | Undisputed. |
| 31. | Gao controlled the majority of the Debtor's investments listed on Schedule A/B.<br><br>RJN, Exhibit A (Schedule A/B); and Richards Declaration, Exhibits L, M, and N. | Disputed.<br><br>Kirk controlled these assets and alleged investments as Kirk testified to himself at his 341(a) meeting.<br><br>Gao Dec. ¶¶ 4-11; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 32. | The Debtor's estate includes title to two real properties only because, immediately prior to the bankruptcy, Kirk on behalf of an Investment Entity, conveyed the properties back to the Debtor.<br><br>Richards Declaration, Exhibit O (quitclaims). | Disputed.<br><br>The Debtor holds its assets in the manner it does due to Kirk's control over these assets and alleged investments as Kirk testified to himself at his 341(a) meeting.<br><br>Gao Dec. ¶¶ 4-11; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 33. | Gao was responsible for arranging financing of the Debtor's properties.<br><br>Richards Declaration, Exhibit C at pp. 26:2-7 and 28: 14-15. | Disputed.<br><br>Kirk directed which properties to buy and which ones needed financing. Moreover, the Exhibits cited by the Committee merely says Gao was "involved" and the alleged undisputed fact is an over-zealous inference which is not supported by the source cited. Kirk controlled the assets and alleged investments as Kirk testified to himself at his 341(a) meeting.<br><br>Gao Dec. ¶¶ 4-11; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 34. | Gao was responsible for overseeing accounting functions of the Debtor and ensuring that timely tax returns were filed.<br><br>Richards Declaration, Exhibit C at p. 28:19-24. | Disputed.<br><br>Kirk directed operations of the business and Gao worked in the administrative department. Kirk controlled the assets and alleged investments as Kirk testified to himself at his 341(a) meeting.<br><br>Gao Dec. ¶ ¶ 4-11; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| --- | --- | --- |
| 35. | Gao was responsible for maintaining records pertaining to the purchase and sale of assets for the Debtor.<br><br>Richards Declaration, Exhibit C at p. 29:5-14. *See also* Richards Declaration, Exhibit B at p. 101: 2-10. | Disputed.<br><br>Kirk directed which operations of the business and Gao worked in the administrative department. Kirk controlled the assets and alleged investments as Kirk testified to himself at his 341(a) meeting.<br><br>Gao Dec. ¶ ¶ 4-13; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 36. | In 2012, approximately 27 employees worked for the Debtor, including accounting employees, and they all reported to Gao.<br><br>Richards Declaration, Exhibit C at p. 30:13 - 31:6. | Disputed.<br><br>The testimony does not say what the Committee seeks to establish. First the testimony cited merely states that the accounting employees who were a subset of the 27 employees reported to Gao. Not that all 27 employees reported to Gao. Kirk's directed operations of the business and Gao worked in the administrative department. Kirk controlled the assets and alleged investments as Kirk testified to himself at his 341(a) meeting. Finally Gao confirms in her declaration that she did not control the employees.<br><br>Gao Dec. ¶ ¶ 4-13; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 37. | Kirk and Gao were signatories on accounts in the name of the Debtor.<br><br>Richards Declaration, Exhibit P. *See also* Richards Declaration, Exhibit B at 101:11-19. | Undisputed as to certain accounts but a number of other accounts identified in Richard Dec. Ex. P have signing authority vested in other people including Vanessa Lavendera and Helena Hanna Crosman. Thus, the inference that the Committee seeks to make, that Kirk and Gao had exclusive control of the Debtor's funds is not supported by the very Ex. C that the Committee references.<br><br>Richards Declaration, Exhibit P. *See also* Richards Declaration, Exhibit B at 101:11-19. |
|---|---|---|
| 38. | Gao was a signatory on the Investment Entities' accounts, typically without Kirk, including the accounts of HK Grace, Strong Water Capital, Diamond Waterfalls, Coastline Investments, Bridgestream Management, and Crystal Waterfalls.<br><br>Richards Declaration, Exhibit Q. | Undisputed that Gao has signing authority on accounts for these entities but they were not all "Investment Entities" and in particular Bridgestream was purchased by Gao prior to the formation of the Debtor and subsequently transferred into Bridgestream Management, LLC.<br><br>Richards Declaration, Exhibit Q. |
| 39. | Gao signed checks on behalf of Investment Entities, including checks to herself and other entities under her control, which are the subject of the Complaint.<br><br>Richards Declaration, Exhibit R. | Undisputed. |
| 40. | Gao was a signatory on the accounts of escrow entities that were used to transfer the Debtor's funds, including the following:<br>Diamond Point Real Estate Corp. dba Skyline Escrow Services<br>New Life Real Estate Corp. dba Shoreline Escrow Services<br>New Life Real Estate Corp. dba Vista Escrow Services<br>American Heritage Escrow Services Corp.<br>Golden View Horizon LLC dba Horizon Escrow Services | Disputed.  The very exhibits cited by the Committee, Ex. S to the Richards Dec., shows that other persons who were officers of the Debtor, Sonia Chiou and Anne Cho.<br><br>Richards Declaration, Exhibit S (banks signature cards). |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| | Richards Declaration, Exhibit S (banks signature cards). | |
| 41. | Kirk decided whether the Debtor would set up an Investment Entity, and Gao formed the Investment Entity.<br><br>Richards Declaration, Exhibit B at pp. 15:10-14, and 16:18-20. | Disputed as to who would set up the limited liability companies. Kirk testified at his 341(a) meeting that the Debtor had an "administrative department" and any number of persons, including Vanessa Lavendera, Michelle Medina, Sara Medina, Kelli Rayhill, Nicole Riley, Helena Crosman and other staff formed the limited liability companies.<br><br>Gao Dec. ¶ ¶ 7-13; Cornelius Dec., Ex. 6, 341(a) Testimony of Benny Kirk pages 5, 6, 13, 14, 15 and 16. |
| 42. | Kirk knew that the Investment Entities were vested in Gao's name, purportedly for tax purposes.<br><br>Richards Declaration, Exhibit B at pp. 17:24- 18:7. | Disputed.<br><br>Kirk used Gao's name because he had a bankruptcy and could not obtain credit and used her good credit and manipulated her.<br><br>Gao Dec. ¶ ¶ 4-13. |
| 43. | According to Kirk, there was an oral agreement with Gao that property held by the Investment Entities was actually owned by the Debtor.<br><br>Richards Declaration, Exhibit B at pp. 18:14- 19:9. *See also* RJN, Exhibit P at p. 15, ¶ 6. | Undisputed as to those single purpose limited liability company that were set up to hold properties that Kirk identified for purchase but excluding Bridgestream Management, LLC., and East-Heights, LLC., as the properties those companies hold were acquired prior to the Debtor's formation and were owned Gao or her mother.<br><br>Court's Docket for 2:16-ap-01144-TD (Docket No. 17, Answer) and 2:16-ap-01141-TD (Docket No. 16, Answer). |
| 44. | Kirk testified that "for the past few years" Gao failed to cooperate by returning the Debtor's funds or paying investors so he was forced to file for bankruptcy.<br><br>Richards Declaration, Exhibit B at p. 17:5-10.<br>*See also* RJN, Exhibit T, at p. 14, ¶ 9. | Disputed.<br><br>Kirk began syphoning off funds for himself and Shelby Ho and put the personal guaranties of Gao at risk and in jeopardy and violated their profit participation agreement.<br><br>Gao Dec. ¶ ¶ 4-12 and 19. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 45. | Gao submitted a personal financial statement under penalty of perjury to Shanghai Commercial Bank, outlining real estate purportedly owned by her individually, and comprised of properties in the name of Investment Entities.<br><br>Richards Declaration, Exhibit T at 61503-61504. | Disputed.<br><br>Gao had other assets at the time and still asserts that she owns Bridgestream Management, LLC., and East-Heights, LLC., as the properties those companies hold were acquired prior to the Debtor's formation and were owned Gao or her mother.<br><br>Court's Docket for 2:16-ap-01144-TD (Docket No. 17, Answer) and 2:16-ap-01141-TD (Docket No. 16, Answer). |
| --- | --- | --- |
| 46. | Gao submitted a personal financial statement under penalty to the Federal Deposit Insurance Corporation (FDIC), explaining her background as follows: "Ms. Gao succeeded to the point of deciding to start a business *of her own* which she did in March 2007 with the formation of Liberty Asset Management Corporation now named Liberty CMC Corp."<br><br>Richards Declaration, Exhibit G at 73840 (italics added). | Disputed.<br><br>The company identified in this document is not the Debtor because the Debtor was not formed until 2012.<br><br>Gao Dec. ¶17, Exs. 2 and 3. |
| 47. | Gao asserts in her personal financial statement to the FDIC that she used her cash resources and made investments "with her own down payment funds and loans from banks she worked with" in order to build her portfolio.<br><br>Richards Declaration, Exhibit G at 73840. | Disputed.  Gao had other assets at the time and still asserts that she owns Bridgestream Management, LLC., and East-Heights, LLC., as the properties those companies hold were acquired prior to the Debtor's formation and were owned Gao or her mother.<br><br>Court's Docket for 2:16-ap-01144-TD (Docket No. 17, Answer) and 2:16-ap-01141-TD (Docket No. 16, Answer). |
| 48. | Gao identified total assets in excess of $71 million as her own, all of which was held by Investment Entities.<br><br>Richards Declaration, Exhibit G at 73836 and 73843-61. | Disputed. Gao had other assets at the time and still asserts that she owns Bridgestream Management, LLC., and East-Heights, LLC., as the properties those companies hold were acquired prior to the Debtor's formation and were owned Gao or her mother.<br><br>Court's Docket for 2:16-ap-01144-TD (Docket No. 17, Answer) and 2:16-ap-01141-TD (Docket No. 16, Answer). |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

| | | |
|---|---|---|
| 49. | On April 2, and April 3, 2014, approximately $3.68 million from refinancing the Geary Property was deposited to an account in the name of HK Grace. On the same dates, Gao transferred a total of $3,681,707.87 by three checks from HK Grace payable to Hilltop Waterfalls, an entity under her control.<br><br>Richards Declaration, Exhibits J and R at pp. 1 and 3. | Disputed.<br><br>These funds were used for Kirk's business at his direction.<br><br>Gao Dec. ¶20. |
| 50. | On October 3, 2014, when $2.25 million was deposited to the HK Grace bank account as an extension payment from the purchaser, Gao transferred $500,000 to herself and over $1 million to accounts in the name of Hilltop Waterfalls, Huntington Giant, and Ace Management.<br><br>Richards Declaration, Exhibit R at pp. 4, 6-8. | Disputed.<br><br>These funds were used for Kirk's business at his direction.<br><br>Gao Dec. ¶20. |
| 51. | On November 18, 2014, one day after the sale of the Geary Property closed and funds were deposited to the HK Grace bank account, Gao transferred $8.5 million to herself.<br><br>Richards Declaration, Exhibit R at p. 14. | Disputed.<br><br>These funds were used for Kirk's business at his direction.<br><br>Gao Dec. ¶¶ 13 and 21. |
| 52. | Gao filed sworn declarations in the bankruptcy of three Investment Entities (Atherton Financial Building LLC, Gold River Valley LLC, and 544 San Antonio Road LLC), asserting ownership and control of the debtor entities.<br><br>RJN, Exhibits G at ¶ 2; RJN, Exhibit H at ¶¶ 2-6; and RNJ, Exhibit I at ¶¶ 2-6. | Disputed.<br><br>The Committee overstates and misunderstands the evidence sited in support of its assertion that: "Gao filed sworn declarations in the bankruptcy of three Investment Entities . . . asserting ownership and control of the debtor entities." The Committee cites exhibits G, H and I of its Request for Judicial Notice, which are declarations filed in bankruptcy cases that were initiated to protect certain of the Business' properties from being foreclosed upon (Committee's RJN, Exhibit H, ¶10-12; and Exhibit I, ¶10-11) . However, nothing in Exhibits G, H, or I indicates that Gao had control of the entities described therein. On the contrary, Exhibits H, and I corroborate what Gao explains in her declaration. |

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

|  |  |  |
|---|---|---|
|  |  | Gao was merely named as the legal owner of these entities because Kirk instructed that Gao be so named.    After/upon signing documents necessary for the legal owner to sign in order to initiate a bankruptcy case for each entity, Gao immediately gave Kirk the authority to make all decisions in each bankruptcy case. (Committee's RJN, Exhibit H, ¶13-14; and Exhibit I, ¶12-15).  Gao did that because it was consistent with our oral agreement and the manner in which Kirk conducted his business, e.g., Kirk was always the true control person and the decision-maker for all of the Business' activities. <br><br> Gao Dec., ¶22. |
| 53. | In the same bankruptcies of three Investment Entities (Atherton Financial Building LLC, Gold River Valley LLC, and 544 San Antonio Road LLC), Kirk referred to himself in each case as the managing member, without disclosing the Debtor's beneficial interest in the Investment Entities. <br><br> RJN, Exhibits J at p. 7, ¶¶ 2-4 ; RJN, Exhibit K at p. 8, ¶ 2; and RJN, Exhibit L at p. 8, ¶ 2. | Undisputed. |
| 54. | Following the bankruptcy of Atherton Financial Building LLC ("Atherton Financial"), approximately $3.1 million was available for distribution. <br><br> RJN, Exhibit M at ¶ 2. | Undisputed. |
| 55. | On June 10, 2015, pursuant to a stipulation between Kirk, Gao, Bank SinoPac, and certain other parties, the Court authorized $1.5 million from the sale proceeds of Atherton Financial's property to be paid to Bank SinoPac as "Gao's portion of the equity distribution." <br><br> RJN, Exhibit N. | Disputed. <br><br> This payment was to SinoPac was on account of a direct loan from SinoPac to one of the limited liability companies formed at the direction of Mr. Kirk and was an obligation of his business enterprise that had been personally guaranteed by Gao.  The payment was to a legitimate third party arms-length creditor.  The payment was characterized |

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | |
|---|---|---|
| | | as coming from the profit participation owed to Gao in connection with oral contract set forth in the Gao Dec., at ¶¶ 4-10 and was completely consistent with the same.<br><br>Gao Dec. ¶ 4-10 and 23. |
| 56. | Proceeds were not directed to any of the accounts in the Debtor's name, which were closed prior to May 2015.<br><br>Richards Declaration, ¶ 24. | Disputed.<br><br>This alleged undisputed fact is unintelligible, vague and ambiguous, what proceeds is Mr. Richard referring to? what account is he referring to? Paragraph 24 of the Richards Declaration does not even say what this purported undisputed facts states.    Finally, Mr. Richards cannot authenticate and opine about these matters as he has no personal knowledge and is not an expert witness. |
| 57. | Kirk wrote a check for $1 million drawn from the Debtor's account payable to North American Asset Management Corporation ("NAAM").<br><br>Richards Declaration, Exhibit U. | Disputed.    Richards has no basis to authenticate Exhibit U or personal knowledge of the same. |
| 58. | Kirk was the sole signatory on NAAM's account to which the Debtor's funds were deposited.<br><br>Richards Declaration, Exhibit V. | Disputed.<br><br>Richards has no basis to authenticate Exhibit U or personal knowledge of the same or to make the statement that it was the Debtor's funds. |
| 59. | Kirk caused North America Capital LLC to purchase and sell certain real properties of the Debtor.<br><br>RJN, Exhibit O ("Seller/Liberty Affiliate" exhibit). | Disputed.    Richards has no basis to authenticate Exhibit O or personal knowledge of the same. |
| 60. | Kirk alleged by sworn testimony, "Once [the properties were] sold, it was agreed that the net profits were to be split 50-50 between Maxwell RE and North America, the members of Washington Capital."<br><br>RJN, Exhibit O at ¶ 11. | Disputed.<br><br>Richards has no basis to authenticate Exhibit O or personal knowledge of the same. |

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

| 61. | Prior to the bankruptcy, as of March and April 2016, Gao had exclusive control over the Holt Avenue office and its contents.<br><br>RJN, Exhibit P at pp. 16-17 at ¶¶ 12-13. *See also* Richards Declaration, Exhibit C at pp. 34:2- 35:3 and 41:6-24. | Disputed.<br><br>Kirk and others had access to the office.<br><br>Cornelius Dec., Ex. 7, 6/22/16 transcript, pages 65, 121-123. |
|---|---|---|
| 62. | On March 24, 2016, the Debtor's counsel put Gao on notice that all books and records relating to the Debtor, or any entities under Gao's control, must be preserved and not destroyed or removed.<br><br>RJN, Exhibit Q at p. 19, ¶ 4. | Disputed.<br><br><br><br>The Court docket for this matter confirms that Gao had no counsel in the Debtor's case at that time. |
| 63. | On April 1, 2016, a private investigator observed individuals removing 7 large boxes being removed from the Debtor's office; and on April 2, 2016, the private investigator observed 6 large bins loaded into a shredding truck.<br><br>RJN, Exhibit R at p. 24 and Exh. A | Disputed. Richards has no basis to authenticate Exhibit A or personal knowledge of the same and the Court cannot take judicial notice of facts set forth in the attached documents under Evid Code 201(b). Finally, the witnesses that Mr. Richard's stated was "a very credible witness," Samantha Galapin, testified the seven 7 boxes were returned and the only documents that were shredded where 5 bins of blue prints and 1 bin of documents related to old hotel bankruptcies. None of those documents have been shown to be material in any manner to this case or the issues in this Motion for Summary Judgment.<br><br>Cornelius Dec., Ex. 7, 6/22/16 transcript, pages 86-87, 95-96, 118, and 146. |
| 64. | Kirk and Gao have turned over to the Chief Restructuring Officer all of the Debtor's records that are within their respective custody and control.<br><br>Richards Declaration, ¶ 3 and RJN, Exhibit S. *See also* Declaration of Reece Fulgham ("Fulgham Declaration"), ¶ 7. | Disputed as to Kirk. Gao has no idea what Kirk has turned over but he did remove 20 to 30 boxes from the Holt office address.<br><br>Cornelius Dec., Ex. 7, 6/22/16 transcript, pages 64-65 and 121-123. |
| 65. | The Debtor lacks a complete set of books and records.<br><br>Fulgham Declaration, ¶ 8, and Declaration of Eric Held ("Held Declaration"), ¶ 11. | Disputed. Gao has no idea what Kirk took and did with the books and records of the debtor because he did remove 20 to 30 boxes from the Holt office address. Moreover, Kirk had a Northern California |

GAO'S SEPARATE STATEMENT OF DISPUTED FACTS

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| | | | |
|---|---|---|---|
| | | | operation for the Debtor in which Gao was not involved and she has no idea as to the type, location or status of any documents related to that location.<br><br>Cornelius Dec., Ex. 7, 6/22/16 transcript, pages 64-65 and 121-123; Gao Dec. ¶¶ 10-11; Gao RJN Ex. 3 Third Amended Complaint of JD Brothers. |
| 66. | The Debtor's available records include piecemeal files from QuickBooks, but nothing that would support an accurate record of funds flowing into and out of the Debtor and its Investment Entities during the last four years.<br><br>Held Declaration, ¶ 11 and Fulgham Declaration, ¶ 8. | | Disputed. The Fulgham Declaration makes it clear that there were 23 computers, 30 hard drives, 117 floppy disks, 116 CD/DVD discs. There is nothing in the Fulgham Declaration that confirms that he actually looked at all of these documents and electronic media and he only states that he looked at 64 Quickbook files even through Mr. Kirk took 24 computers and only 3 relevant files were on them.<br><br>Mr. Held makes it clear in his declaration at ¶ 6 that only about 1,100 of the 20,796 computer files produced have been reviewed.<br><br>Moreover, Mr. Kirk only returned 7 boxes of documents where the witness that Mr. Richards said was the most credible, Mrs. Galapin, testified that Mr. Kirk took 20 to 30 boxes of documents from the Holt property.<br><br>The Fulgham and Held Declarations in and of themselves shows that significant portions of the Debtor's documents have not been reviewed (over 19,000 files have not been reviewed) and that Mr. Kirk did not return 13 to 23 boxes that he took, that the 24 computers he took had been wiped clean since only 3 relevant files remained. Based on this the generalized sweeping allegations contained in the Fulgham and Held Declarations are not supported and cannot be the basis of this purported undisputed material fact. |

GAO'S SEPARATE STATEMENT OF DISPUTED FACTS

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

|     |   |   |
|-----|---|---|
|     |   | Cornelius Dec., Ex. 7, 6/22/16 transcript, pages 64-65, 121-123 and 146. |
| 67. | Gao invoked the Fifth Amendment to refuse to testify regarding all questions posed to her relating to the Debtor.<br><br>Richards Declaration, Exhibit C at pp. 67:7- 68:19. | Disputed. Gao asserted the 5th Amendment at one hearing on June 22, 2016 where there was no notice that any live testimony would be requested or taken, where her criminal counsel was not present, and where she was asked a total of seven questions on which she asserted the 5th amendment. The alleged undisputed fact is not supported by the record and it is overly board, generalized and an improper characterization. |
| 68. | Gao invoked the Fifth Amendment to refuse to testify regarding, among other matters, her employment by the Debtor, her responsibilities, or what happened to proceeds from the sale of the Geary Property.<br><br>Richards Declaration, Exhibit C at pp. 67:13- 68:19. | Disputed. Gao asserted the 5th Amendment at one hearing on June 22, 2016 where there was no notice that any live testimony would be requested or taken, where her criminal counsel was not present, and where she was asked a total of seven questions on which she asserted the 5th amendment. The alleged undisputed fact is not supported by the record and it is overly board, generalized and an improper characterization. |
| 69. | During the year prior to March 2016, Kirk rarely visited the Holt Avenue office where the Debtor's records were maintained.<br><br>Richards Declaration, C at p. 33:11-19. | Disputed.<br><br>Kirk had keys to the Holt Ave., property up until April 2016 and came and went to the same.<br><br>Gao Dec. ¶ 25. |
| 70. | Kirk admits that he was the sole owner of the Debtor and its CEO, but lacks sufficient information to form a belief regarding the majority of allegations set forth in the Complaint.<br><br>RJN, Exhibit T at ¶ 85. | Undisputed. |
| 71. | Gao lacks sufficient information to form a belief regarding the majority of allegations set forth in the Complaint.<br><br>RJN, Exhibit U; cf Complaint at RJN, Exhibit V. | Disputed.<br><br>Gao has reviewed documents and other materials and has refreshed her recollection.<br><br>Gao Dec. ¶¶ 1-25. |

GAO'S SEPARATE STATEMENT OF DISPUTED FACTS

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

| 72 | Gao Lacks sufficient information to form a belief regarding the following facts: (1) that the Debtor was a duly organized California corporation; (2) that the Debtor purported to operate as a real estate investment manager, soliciting funds from investors to purchase distressed loans or properties on their behalf; (3) that Gao acknowledged by her signature borrowing by HK Grace of $4 million; (4) that Gao transferred money from an account of HK Grace as evidenced by copies of checks signed by her; or (5) that Gao received two wires totaling $2.75 million constituting net proceeds after debts and expenses from the sale of assets by debtors Coastline /Diamond Waterfalls.

RJN, Exhibit U at ¶¶ 4, 9, 22, 23, and 36. | Disputed.

Gao has reviewed documents and other materials and has refreshed her recollection.

Gao Dec. ¶¶ 1-25 and in particular 13 and Exhibits 4 to 16 to the same. |

## RESPONSES TO CONCLUSIONS OF LAW

1. Gao has no response to conclusion of law No. 1.

2. Gao was not a fiduciary of the Debtor.  She was not an officer, director or shareholder and merely worked in the Debtor's administrative department for a salary and also had a profit participation arrangement with the Debtor's owner and sole shareholder, officer and director, Benny Kirk.

3. Gao has no response to conclusion of law No. 3.

4. Gao owed no fiduciary duties to the Debtor and did not breach any alleged fiduciary duty.

5. Gao is under no duty to account for funds as a mere administrative employee of the debtor.

6. Gao is not a fiduciary and no inferences or doubts should be resolved against her.

7. The Court should not draw any negative inference against Gao on account of her asserting the 5th amendment in a very limited manner at one hearing where she had no notice that testimony would be sought or taken and where her criminal counsel was

1    unavailable.

2    8.    It is unclear whether the Debtor has suffered damages and until the veracity of each

3    and every claim against the Debtor has been established and, moreover, under the

4    Committee's analysis, the damages suffered were by the alleged individual investors

6    and not the Debtor.

7

8    DATED:  December 5, 2016            COSTELL & CORNELIUS LAW CORPORATION

9

10            By:  /s/Alexandre Ian Cornelius

11                Alexandre Ian Cornelius
                Attorneys for Counter-defendant LUCY GAO

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

GAO'S SEPARATE STATEMENT OF DISPUTED FACTS

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1299 Ocean Ave., Suite 450, Santa Monica, CA 90401.

A true and correct copy of the foregoing document entitled (*specify*): **GAO'S RESPONSE TO THE SEPARATE STATEMENT OF UNDISPUTED FACT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION OF DEFENDANTS' LIABILITY FOR BREACH OF FIDUCIARY DUTIES AND ACCOUNTING AND GAO'S ADDITIONAL DISPUTED MATERIAL FACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 5, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Alexandre I Cornelius | aicornelius@costell-law.com; ssaad@costell-law.com; mharris@costell-law.com; jstambaugh@costell-law.com; ladelson@costell-law.com; jlcostell@costell-law.com |
| William Crockett | wec@weclaw.com; ksa@weclaw.com |
| Gail S Greenwood | ggreenwood@pszjlaw.com; efitzgerald@pszjlaw.com |
| Jeremy V Richards | jrichards@pszjlaw.com; bdassa@pszjlaw.com; imorris@pszjlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| James S Yan | jsyan@msn.com |

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) December 5, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None – N/A

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 5, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and U.S. Courthouse
255 East Temple Street, Suite 1345
Los Angeles, CA 90012

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**

1   I declare under penalty of perjury under the laws of the United States that the foregoing is true
and correct.

2

3

   December 5, 2016              Melvin Harris                  /s/ Melvin Harris

4   *Date*                  *Printed Name*                 *Signature*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COSTELL & CORNELIUS Law Corporation
1299 Ocean Avenue, Suite 450
Santa Monica, California 90401-1007
Tel: (310) 458-5959 • Fax: (310) 458-7959

**GAO'S SEPARATE STATEMENT OF DISPUTED FACTS**