1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
   JOSHUA S. STAMBAUGH (State Bar No. 233834)
2  SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
   Telephone:  (310) 458-5959
5  Facsimile:  (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;

7  Attorneys for Lucy Gao

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10                  **LOS ANGELES DIVISION**

11

| | |
|---|---|
| In re: | Case No.:  2:16-bk-13575-TD |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation, | Chapter 11 |
| | Adv. No. 2:16-ap-01337-TD |
| Debtor and Debtor in Possession. | **DECLARATION OF ALEXANDRE I. CORNELIUS IN SUPPORT OF GAO'S OPPOSITION TO THE MOTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUMMARY ADJUDICATION OF DEFENDANTS' LIABILITY FOR BREACH OF FIDUCIARY DUTIES AND ACCOUNTING** |
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION, | Date:       December 21, 2016<br>Time:       11:00 a.m.<br>Location:  Courtroom 1345<br>              255 E. Temple St.<br>              Los Angeles, CA 90012<br>Judge:      Thomas B. Donovan |
| Plaintiff | |
| vs. | |
| LUCY GAO, an individual, and BENJAMIN KIRK, an individual, | |
| Defendants | |

1

I, Alexandre Ian Cornelius, declare as follows:

1.     The following is within my personal knowledge and I could and would competently testify thereto except as to those statements that are based on information and belief and I believe those matters to be true.  I am counsel for Defendant Lucy Gao.

2.     I am making this declaration in support of Gao's Opposition to the Motion by the Official Committee of Unsecured Creditors (the "Committee") for Summary Adjudication of Defendants' Liability for Breach of Fiduciary Duties and Accounting (the "MSA"), including but not limited to Gao's objection to the Court denying her request for a continuance and hearing this Motion within a period of time insufficient to allow Gao to conduct discovery or sufficiently prepare a response to the MSA.

3.     On November 21, 2016, Gao served written discovery on the Committee, and on Defendant Benjamin Kirk, including:  Requests for Admission, Requests for Production of Documents and Interrogatories designed to address issues raised in the MSA. Given the rules of discovery, those responses will be due on December 22, 2016. True and correct copies of the written discovery described herein are attached hereto as **Exhibit 1**.

4.     On November 21, 2016, Gao also served notices of deposition on counsel for Kirk and the Committee for January 9 and 10, 2017.  True and correct copies of the notices of deposition are attached hereto as **Exhibit 2**.

5.     Gao has also issued subpoenas for four nonparty witnesses (Shelby (Tsai Luan) Ho, Vanessa Lavendera, Sonya Chiou and Wei "Wendy" Huang for records and testimony during December 9-16.  True and correct copies of those deposition subpoenas are attached hereto as **Exhibit 3**.  At least one of these witnesses, Wei "Wendy" Huang is a party in a case pending in the United States District Court for the Northern District of California, case no. 3:15-cv-01373-VC  ("JD Brothers' Case"),  in which the plaintiff asserts similar (if not identical) claims as those raised by the Committee in this matter. Gao's counsel has contacted the attorneys of all of the above-witnesses (other than Vanessa Lavendaera who has been served) to request that counsel accept service on behalf of their respective clients. Counsel for Ho and Chiou declined to accept service.

DECLARATION OF ALEXANDRE I. CORNELIUS IN SUPPORT OF OPPOSITION TO
MOTION FOR SUMMARY ADJUDICATION AND RULE 56(D) REQUEST

6.      After sending the subpoenas out for service, and serving at least one witness, Vanessa Lavendera, a number of attorneys representing various parties in the JD Brothers case held a teleconference to meet and confer regarding the scheduling of depositions for that case. During that teleconference, Gao's counsel was advised that Kirk's counsel in the JD Brothers case now represents non-party witness, Vanessa Lavendera.  Gao's counsel was further advised that the date scheduled or Lavendera's deposition conflicts with counsel's travel schedule.  At the end of the teleconference counsel for Kirk, Lavendera, Huang and Gao agreed to provide dates available for their clients and other witnesses with whom they have contact and can provide dates. To date, counsel for Kirk and Wendy Huang have advised that their clients will be available for depositions during the month of January.

7.      Collectively attached hereto as **Exhibit 4** and incorporated herein by this reference is a true and correct copy of the declaration of diligence report regarding various attempts made to serve Shelby (Tsai Luan) Ho.

8.      Collectively attached hereto as **Exhibit 5** and incorporated herein by this reference is a true and correct copy of the due diligence reports regarding attempts made to serve Sonia Chiou at various locations.

9.      Collectively attached hereto as **Exhibit 6** and incorporated herein by this reference is a true and correct copy of pages 5-6:13-5, 13:1-6, 14-15:10-1, 15:5-20, 16:9-23, 17-18:11-10 and 19:4-12 thereto from the Debtor's 341(a) Meeting of Creditors.  This meeting was heard on April 25, 2016 conducted by Queene NG, United States Trustee's Office.  The certified court reporter was Kathy Rehling, CETD No. 444.

10.     Collectively attached hereto as **Exhibit 7** and incorporated herein by this reference is a true and correct copy of pages 2, 84:12-25, 85:1-13, 86:10-25, 87:1-18, 95:14-25, 96:1-3, 117:12-17, 118:3-17, 121:1-25, 122:9-25, 123:1-25 and 146:7-10 thereto from the hearing regarding Renewed Emergency Motion for Turnover of Property of the Estate and Books and Records Relating to Property of the Estate recorded on June 22, 2016 before the Honorable Thomas B. Donovan.  The hearing was transcribed by Jordan Keilty and authenticated by L.L. Francisco.

3

DECLARATION OF ALEXANDRE I. CORNELIUS IN SUPPORT OF OPPOSITION TO
MOTION FOR SUMMARY ADJUDICATION AND RULE 56(D) REQUEST

1

2          I declare under penalty of perjury under the laws of the United States and the State

3   of California that the foregoing is true and correct.

4          Executed this 5th day of December, 2016, at Santa Monica, California.

5

6

7

8

9                                          ___/s/ Alexandre Ian Cornelius_____
                                           ALEXANDRE IAN CORNELIUS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              4

# EXHIBIT 1

1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
2  JOSHUA S. STAMBAUGH (State Bar No. 233834)
   SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
5  Telephone:  (310) 458-5959
   Facsimile:  (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;

7  Attorneys for Lucy Gao

8              UNITED STATES BANKRUPTCY COURT

9     CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10              **LOS ANGELES DIVISION**

11

12 | In re:                                          | Case No.:  2:16-bk-13575-TD

13 | LIBERTY ASSET MANAGEMENT          | Chapter 11
   | CORPORATION, a California corporation,

14 |                                                     | Adv. No. 2:16-ap-01337-TD
   |                    Debtor and
15 |                    Debtor in Possession.      | **REQUEST FOR ADMISSION**

16
   | OFFICIAL UNSECURED CREDITORS    | Judge:   Thomas B. Donovan
17 | COMMITTEE FOR LIBERTY ASSET
   | MANAGEMENT CORPORATION,
18
19 |                    Plaintiff
20 |          vs.
21 | LUCY GAO, an individual, and BENJAMIN
   | KIRK, an individual,
22
   |                    Defendants
23

24

25 PROPOUNDING PARTY:       DEFENDANT LUCY GAO

26 RESPONDING PARTY:   OFFICIAL COMMITTEE OF UNSECURED CREDITORS
27
28 SET NUMBER:                  ONE

                                          1

1      The Official Committee of Unsecured Creditors ("Committee") is hereby requested

2  to respond in compliance with Rule 36 of the Federal Rules of Civil Procedure to the

3  following Requests for Admission.

4  <div align="center">**DEFINITIONS**</div>

5

6      1.    YOU and YOUR refer to Plaintiff the Committee.

7      2.    COMPLAINT refers to the Complaint filed in the above-referenced action.

8      3.    COMMUNICATION refers to any exchange, imparting, or transmission of

9  ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with

10  or without the use of electronics, and includes, without limitation, in-person interaction,

11  telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters,

12  and memoranda.

13      4.    DOCUMENT and DOCUMENTS are defined to be synonymous in meaning

14  and equal in scope to the usage of the term "documents" and "electronically stored

15  information" in Rule 34 of the Federal Rules of Civil Procedure.

16      5.    LIBERTY means Liberty Asset Management Corporation, debtor and

17  debtor-in-possession.

18

19  <div align="center">**REQUESTS FOR ADMISSION**</div>

20  REQUEST FOR ADMISSION NO. 1:

21      Admit that corporate documents of Liberty state that Lucy Gao as an "insider" as

22  that term is identified under the Bankruptcy Code Section 101.

23  REQUEST FOR ADMISSION NO. 2:

24      Admit that Defendant Lucy Gao is not an officer of LIBERTY.

25  REQUEST FOR ADMISSION NO. 3:

26      Admit that Defendant Lucy Gao is not a director of LIBERTY.

27  REQUEST FOR ADMISSION NO. 4:

28      Admit that Defendant Lucy Gao is not a shareholder of LIBERTY.

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 5:

Admit that Defendant Lucy Gao executed no documents on behalf of LIBERTY related to any transactions with JD Brothers LLC.

REQUEST FOR ADMISSION NO. 6:

Admit that Benny Kirk is the only person on behalf of LIBERT to execute DOCUMENTS related to any transactions with JD Brothers LLC.

REQUEST FOR ADMISSION NO. 7:

Admit that there are no COMMUNICATIONS between Lucy Gao and JD Brothers LLC.

REQUEST FOR ADMISSION NO. 8:

Admit that Benny Kirk was the sole contact with JD Brothers LLC.

REQUEST FOR ADMISSION NO. 9:

Admit that none of the money transferred by JD Brothers LLC to LIBERTY was transferred directly by JD Brothers LLC to Lucy Gao.

REQUEST FOR ADMISSION NO. 10:

Admit that JD Brothers LLC also made loans to LIBERTY.

REQUEST FOR ADMISSION NO. 11:

Admit that no one from JD Brothers LLC communicated to Defendant Lucy Gao that JD Brothers LLC believed that JD Brothers LLC was a member of HK Grace Building LLC prior to the sale of the real property owned by HK Grace Building LLC.

REQUEST FOR ADMISSION NO. 12:

Admit that Defendant Lucy Gao never communicated to LIBERTY that she understood that JD Brothers LLC was a member of HK Grace Building LLC.

REQUEST FOR ADMISSION NO. 13:

Admit that Defendant Lucy Gao was not aware that JD Brothers LLC claimed any an interest in HK Grace Building LLC prior to the sale of the real property owned by the HK Grace Building LLC.

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 14**:

     Admit that all investment DOCUMENTS related to LIBERTY were maintained by Benny Kirk.

**REQUEST FOR ADMISSION NO. 15**:

     Admit that Benny Kirk was the person who interacted with any investors of LIBERTY.

**REQUEST FOR ADMISSION NO. 16**:

     Admit that Benny Kirk improperly transferred funds from LIBERTY for his personal benefit.

**REQUEST FOR ADMISSION NO. 17**:

     Admit that all money received by LIBERTY from investors were loans to Benny Kirk.

**REQUEST FOR ADMISSION NO. 18**:

     Admit that prior to October 2014 the Statement of Information for HK Grace Building LLC stated that Defendant Lucy Gao was the manager of HK Grace Building LLC.

**REQUEST FOR ADMISSION NO. 19**:

     Admit that prior to October 2014 that Defendant Lucy Gao had signed an Operating Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole member of HK Grace Building LLC.

**REQUEST FOR ADMISSION NO. 20**:

     Admit that Benny Kirk requested the formation of HK Grace Building LLC.

**REQUEST FOR ADMISSION NO. 21**:

     Admit that there is no limited liability company in which both JD Brothers LLC and Defendant Lucy Gao are members.

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION

1   REQUEST FOR ADMISSION NO. 22:

2       Admit that Bennie Kirk instructed Defendant Lucy Gao to sign an Operating

3   Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole

4   member of HK Grace Building LLC.

5   REQUEST FOR ADMISSION NO. 23:

6       Admit that there is no written agreement to which both JD Brothers LLC and

7   Defendant Lucy Gao are parties.

8   REQUEST FOR ADMISSION NO. 24:

9       Admit that Bennie Kirk instructed Defendant Lucy Gao to sign an Operating

10   Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole

11   manager of HK Grace Building LLC.

12   REQUEST FOR ADMISSION NO. 25:

13       Admit that Bennie Kirk instructed directed that HK Grace Building LLC be formed

14   as a limited liability company.

15   REQUEST FOR ADMISSION NO. 26:

16       Admit that Lucy Gao was not a "control person" of LIBERTY as defined under

17   "insider" in Section 101 of the Bankruptcy Code.

18

19

20   Dated: November 21, 2016

21               COSTELL & CORNELIUS LAW CORPORATION

22

23               By

24                           SUMMER SAAD

25                   Attorneys for Lucy Gao

26

27

28

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

On November 21, 2016, I served the following document: **REQUEST FOR ADMISSION**, on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **Counsel for Benjamin Kirk** | **Counsel for the Committee of** |
|---|---|
| William E. Crockett | **Unsecured Creditors** |
| Steven R. Skirvin | Gail S. Greenwood |
| Law Offices of William Crockett | Jeremy Richards |
| 16000 Ventura Blvd., Ste. 1000 | Pachulski, Stang, Ziehl & Jones, LLP |
| Encino, CA 91436 | 10100 Santa Monica Blvd., 13th Floor |
|  | Los Angeles, CA 90067 |

( )    **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS**: I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( )    I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( )    **BY OVERNIGHT MAIL**: I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( )    **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X)    **BY PERSONAL SERVICE**: I caused such documents to be personally delivered to the parties at the address listed below:

(X)    Executed on November 21, 2016, at Santa Monica, California.

(X)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Mel Harris_
Mel Harris

1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
   JOSHUA S. STAMBAUGH (State Bar No. 233834)
2  SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
   Telephone:  (310) 458-5959
5  Facsimile:  (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;

7  Attorneys for Lucy Gao

8            UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10                 **LOS ANGELES DIVISION**

11

12 | In re:                                    | Case No.:  2:16-bk-13575-TD

13 | LIBERTY ASSET MANAGEMENT                   | Chapter 11
   | CORPORATION, a California corporation,     |
14 |                                            | Adv. No. 2:16-ap-01337-TD
   |              Debtor and                    |
15 |              Debtor in Possession.         | **REQUEST FOR ADMISSION**

16 |                                            |
17 | OFFICIAL UNSECURED CREDITORS               | Judge:   Thomas B. Donovan
   | COMMITTEE FOR LIBERTY ASSET                |
18 | MANAGEMENT CORPORATION,                    |

19 |              Plaintiff                     |

20 |         vs.                                |

21 | LUCY GAO, an individual, and BENJAMIN      |
   | KIRK, an individual,                       |
22 |                                            |
   |              Defendants                    |
23

24

25  PROPOUNDING PARTY:       DEFENDANT LUCY GAO

26
    RESPONDING PARTY:        DEFENDANT BENJAMIN KIRK
27

28  SET NUMBER:              ONE

                              1

Defendant Benjamin Kirk ("Kirk") is hereby requested to respond in compliance with Rule 36 of the Federal Rules of Civil Procedure to the following Requests for Admission.

## DEFINITIONS

1.      YOU and YOUR refer to Defendant Benjamin Kirk.

2.      COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.      COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.      DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.      LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession.

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that corporate documents of Liberty state that Lucy Gao is an "insider" as that term is identified under the Bankruptcy Code Section 101.

REQUEST FOR ADMISSION NO. 2:

Admit that Defendant Lucy Gao is not an officer of LIBERTY.

REQUEST FOR ADMISSION NO. 3:

Admit that Defendant Lucy Gao is not a director of LIBERTY.

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION TO KIRK

1  REQUEST FOR ADMISSION NO. 4:

2      Admit that Defendant Lucy Gao is not a shareholder of LIBERTY.

3  REQUEST FOR ADMISSION NO. 5:

4      Admit that Defendant Lucy Gao executed no documents on behalf of LIBERTY

5  related to any transactions with JD Brothers LLC.

6  REQUEST FOR ADMISSION NO. 6:

7      Admit that Benjamin Kirk is the only person on behalf of LIBERTY to execute

8  DOCUMENTS related to any transactions with JD Brothers LLC.

9  REQUEST FOR ADMISSION NO. 7:

10      Admit that there are no COMMUNICATIONS between Lucy Gao and JD Brothers

11  LLC.

12  REQUEST FOR ADMISSION NO. 8:

13      Admit that Benjamin Kirk was the sole contact with JD Brothers LLC.

14  REQUEST FOR ADMISSION NO. 9:

15      Admit that none of the money transferred by JD Brothers LLC to LIBERTY was

16  transferred directly by JD Brothers LLC to Lucy Gao.

17  REQUEST FOR ADMISSION NO. 10:

18      Admit that JD Brothers LLC also made loans to LIBERTY.

19  REQUEST FOR ADMISSION NO. 11:

20      Admit that no one from JD Brothers LLC communicated to Defendant Lucy Gao

21  that JD Brothers LLC believed that JD Brothers LLC was a member of HK Grace Building

22  LLC prior to the sale of the real property owned by HK Grace Building LLC.

23  REQUEST FOR ADMISSION NO. 12:

24      Admit that Defendant Lucy Gao never communicated to LIBERTY that she

25  understood that JD Brothers LLC was a member of HK Grace Building LLC.

26

27

28

DEFENDANT GAO'S FIRST REQUESTS FOR ADMISSION TO KIRK

1  REQUEST FOR ADMISSION NO. 13:

2      Admit that Defendant Lucy Gao was not aware that JD Brothers LLC claimed any

3  interest in HK Grace Building LLC prior to the sale of the real property owned by the HK

4  Grace Building LLC.

5  REQUEST FOR ADMISSION NO. 14:

6      Admit that all investment DOCUMENTS related to LIBERTY were maintained by

7  Benjamin Kirk.

8  REQUEST FOR ADMISSION NO. 15:

9      Admit that Benjamin Kirk was the person who interacted with any investors of

10 LIBERTY.

11 REQUEST FOR ADMISSION NO. 16:

12     Admit that Benjamin Kirk improperly transferred funds from LIBERTY for his

13 personal benefit.

14 REQUEST FOR ADMISSION NO. 17:

15     Admit that all money received by LIBERTY from investors were loans to Benjamin

16 Kirk.

17 REQUEST FOR ADMISSION NO. 18:

18     Admit that prior to October 2014 the Statement of Information for HK Grace

19 Building LLC stated that Defendant Lucy Gao was the manager of HK Grace Building

20 LLC.

21 REQUEST FOR ADMISSION NO. 19:

22     Admit that prior to October 2014 that Defendant Lucy Gao had signed an Operating

23 Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole

24 member of HK Grace Building LLC.

25 REQUEST FOR ADMISSION NO. 20:

26     Admit that Benjamin Kirk requested the formation of HK Grace Building LLC.

27

28

1  REQUEST FOR ADMISSION NO. 21:

2      Admit that there is no limited liability company in which both JD Brothers LLC and

3  Defendant Lucy Gao are members.

4  REQUEST FOR ADMISSION NO. 22:

5      Admit that Benjamin Kirk instructed Defendant Lucy Gao to sign an Operating

6  Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole

7  member of HK Grace Building LLC.

8  REQUEST FOR ADMISSION NO. 23:

9      Admit that there is no written agreement to which both JD Brothers LLC and

10  Defendant Lucy Gao are parties.

11  REQUEST FOR ADMISSION NO. 24:

12      Admit that Benjamin Kirk instructed Defendant Lucy Gao to sign an Operating

13  Agreement for HK Grace Building LLC that stated the Defendant Lucy Gao was the sole

14  manager of HK Grace Building LLC.

15  REQUEST FOR ADMISSION NO. 25:

16      Admit that Benjamin Kirk instructed and directed that HK Grace Building LLC be

17  formed as a limited liability company.

18  REQUEST FOR ADMISSION NO. 6:

19      Admit that Lucy Gao was not a "control person" of LIBERTY as defined under

20  "insider" in Section 101 of the Bankruptcy Code.

21

22

23  Dated: November 21, 2016

24                          COSTELL & CORNELIUS LAW CORPORATION

25

26          By _____

27                                  SUMMER SAAD

28                          Attorneys for Lucy Gao

5

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

On November 21, 2016, I served the following document: **REQUEST FOR ADMISSION**, on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **Counsel for Benjamin Kirk** | **Counsel for the Committee of** |
| William E. Crockett | **Unsecured Creditors** |
| Steven R. Skirvin | Gail S. Greenwood |
| Law Offices of William Crockett | Jeremy Richards |
| 16000 Ventura Blvd., Ste. 1000 | Pachulski, Stang, Ziehl & Jones, LLP |
| Encino, CA 91436 | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |

( )  **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS**: I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( )  I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( )  **BY OVERNIGHT MAIL**: I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( )  **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X)  **BY PERSONAL SERVICE**: I caused such documents to be personally delivered to the parties at the address listed below:

(X)  Executed on November 21, 2016, at Santa Monica, California.

(X)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Mel Harris

1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
   JOSHUA S. STAMBAUGH (State Bar No. 233834)
2  SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
   Telephone: (310) 458-5959
5  Facsimile: (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;

7  Attorneys for Lucy Gao

8                  UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10                    **LOS ANGELES DIVISION**

11

12 | In re:                                    | Case No.: 2:16-bk-13575-TD

13 | LIBERTY ASSET MANAGEMENT                  | Chapter 11
   | CORPORATION, a California corporation,    |
14 |                                           | Adv. No. 2:16-ap-01337-TD
   |                Debtor and                 |
15 |                Debtor in Possession.      | **REQUEST FOR PRODUCTION**

16 |_____|

17 | OFFICIAL UNSECURED CREDITORS              | Judge:  Thomas B. Donovan
   | COMMITTEE FOR LIBERTY ASSET               |
18 | MANAGEMENT CORPORATION,                    |

19 |                Plaintiff                  |

20 |           vs.                             |

21 | LUCY GAO, an individual, and BENJAMIN     |
   | KIRK, an individual,                      |
22 |                                           |
   |                Defendants                 |
23 |_____|

24

25 PROPOUNDING PARTY:       DEFENDANT LUCY GAO

26
   RESPONDING PARTY:    OFFICAL COMMITTEE OF UNSECURED CREDITORS
27

28 SET NUMBER:              ONE

                                    1

Plaintiff Official Committee of Unsecured Creditors of Liberty Asset Management Corporation ("Committee") is hereby requested to respond in compliance with Rule 34 of the Federal Rules of Civil Procedure to the following Requests for Production.

<div align="center">DEFINITIONS</div>

1.     YOU and YOUR refer to Plaintiff the Committee.

2.     COMPLAINT refers to the Complaint filed in the above-referenced action.

3.     COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.     DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.     LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession.

<div align="center">REQUESTS FOR PRODUCTION</div>

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS identified in or that support YOUR responses to the concurrently served First Set of Interrogatories to YOU.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS related to a COMMUNICATION identified in YOUR responses to the concurrently served First Set of Interrogatories to YOU.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS identified in or that support YOUR responses, apart from unqualified admissions, to the concurrently served First Set of Requests for Admission to YOU.

1    REQUEST FOR PRODUCTION NO. 4:

2        All DOCUMENTS related to Defendant Lucy Gao.

3    REQUEST FOR PRODUCTION NO. 5:

4        All DOCUMENTS related to HK Grace Building LLC.

5    REQUEST FOR PRODUCTION NO. 6:

6        All DOCUMENTS related to Defendant Benny Kirk.

7    REQUEST FOR PRODUCTION NO. 7:

8        All DOCUMENTS related to Vanessa Lavendera.

9    REQUEST FOR PRODUCTION NO. 8:

10        All DOCUMENTS related to Sonia Chiou and (1) the initiation of the present

11    lawsuit; (2) the prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant

12    Benny Kirk; or (5) any transaction described in the COMPLAINT.

13    REQUEST FOR PRODUCTION NO. 9:

14        All DOCUMENTS related to a transaction described in the COMPLAINT.

15    REQUEST FOR PRODUCTION NO. 10:

16        All DOCUMENTS related to an investment described in the COMPLAINT.

17    REQUEST FOR PRODUCTION NO. 11:

18        All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of

19    LIBERTY.

20    REQUEST FOR PRODUCTION NO. 12:

21        All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents,

22    members, managers or other "insiders", excluding any attorney-client or work privileged

23    documents.

24

25

26

27

28

DEFENDANT GAO'S FIRST REQUESTS FOR PRODUCTION TO COMMITTEE

1

Dated: November 21, 2016
2

3                          COSTELL & CORNELIUS LAW CORPORATION

4
                           By
5                                                   SUMMER SAAD

6
                                          Attorneys for Lucy Gao
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

On November 21, 2016, I served the following document: **SPECIAL INTERROGATORIES**, on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **Counsel for Benjamin Kirk** | **Counsel for the Committee of** |
| William E. Crockett | **Unsecured Creditors** |
| Steven R. Skirvin | Gail S. Greenwood |
| Law Offices of William Crockett | Jeremy Richards |
| 16000 Ventura Blvd., Ste. 1000 | Pachulski, Stang, Ziehl & Jones, LLP |
| Encino, CA 91436 | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |

( )   **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS**: I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( )   I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( )   **BY OVERNIGHT MAIL**: I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( )   **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X)   **BY PERSONAL SERVICE**: I caused such documents to be personally delivered to the parties at the address listed below:

(X)   Executed on November 21, 2016, at Santa Monica, California.

(X)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Mel Harris

1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
2  JOSHUA S. STAMBAUGH (State Bar No. 233834)
   SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
   Telephone:  (310) 458-5959
5  Facsimile:  (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;

7  Attorneys for Lucy Gao

8            UNITED STATES BANKRUPTCY COURT

9     CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10              **LOS ANGELES DIVISION**

11

12 | In re:                                    | Case No.:  2:16-bk-13575-TD

13 | LIBERTY ASSET MANAGEMENT          | Chapter 11
   | CORPORATION, a California corporation,

14 |                                           | Adv. No. 2:16-ap-01337-TD
   |              Debtor and
15 |              Debtor in Possession.        | **REQUEST FOR PRODUCTION**

16 |_____|

17 | OFFICIAL UNSECURED CREDITORS      | Judge:   Thomas B. Donovan
   | COMMITTEE FOR LIBERTY ASSET
18 | MANAGEMENT CORPORATION,

19 |              Plaintiff

20 |        vs.

21 | LUCY GAO, an individual, and BENJAMIN
   | KIRK, an individual,
22 |              Defendants

23 |_____|

24

25 PROPOUNDING PARTY:      DEFENDANT LUCY GAO

26
27 RESPONDING PARTY:       DEFENDANT BENJAMIN KIRK

28 SET NUMBER:             ONE

                              1

Defendant Benjamin Kirk ("Kirk") is hereby requested to respond in compliance with Rule 34 of the Federal Rules of Civil Procedure to the following Requests for Production.

<div align="center">DEFINITIONS</div>

1.      YOU and YOUR refer to Defendant Benjamin Kirk.

2.      COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.      COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.      DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.      LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession.

<div align="center">REQUESTS FOR PRODUCTION</div>

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS identified in or that support YOUR responses to the concurrently served First Set of Interrogatories to YOU.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS related to a COMMUNICATION identified in YOUR responses to the concurrently served First Set of Interrogatories to YOU.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS identified in or that support YOUR responses, apart from unqualified admissions, to the concurrently served First Set of Requests for Admission to YOU.

<div align="center">2</div>

1  REQUEST FOR PRODUCTION NO. 4:

2      All DOCUMENTS related to Defendant Lucy Gao.

3  REQUEST FOR PRODUCTION NO. 5:

4      All DOCUMENTS related to HK Grace Building LLC.

5  REQUEST FOR PRODUCTION NO. 6:

6      All DOCUMENTS related to Defendant Benny Kirk.

7  REQUEST FOR PRODUCTION NO. 7:

8      All DOCUMENTS related to Vanessa Lavendera.

9  REQUEST FOR PRODUCTION NO. 8:

10      All DOCUMENTS related to Sonia Chiou and (1) the initiation of the present

11 lawsuit; (2) the prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant

12 Benny Kirk; or (5) any transaction described in the COMPLAINT.

13 REQUEST FOR PRODUCTION NO. 9:

14      All DOCUMENTS related to a transaction described in the COMPLAINT.

15 REQUEST FOR PRODUCTION NO. 10:

16      All DOCUMENTS related to an investment described in the COMPLAINT.

17 REQUEST FOR PRODUCTION NO. 11:

18      All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of

19 LIBERTY.

20 REQUEST FOR PRODUCTION NO. 12:

21      All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents,

22 members, managers or other "insiders", excluding any attorney-client or work privileged

23 documents.

24 REQUEST FOR PRODUCTION NO. 13:

25      All DOCUMENTS related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

26

27

28

DEFENDANT GAO'S FIRST REQUESTS FOR PRODUCTION TO KIRK

1 | REQUEST FOR PRODUCTION NO. 14:

2 |       All COMMUNICATIONS between you and anyone else (excluding any attorney-

3 | client or work privileged documents) related to 26390 Anacapa Dr., Los Altos Hills, CA

4 | 94022.

5 | REQUEST FOR PRODUCTION NO. 15:

6 |       All DOCUMENTS related to 126 Atherton, Atherton, CA.

7 | REQUEST FOR PRODUCTION NO. 16:

8 |       All COMMUNICATIONS between you and anyone else (excluding any attorney-

9 | client or work privileged documents) related to 126 Atherton, Atherton, CA.

10 | REQUEST FOR PRODUCTION NO. 17:

11 |       All DOCUMENTS related to Vanessa Lavendera.

12 | REQUEST FOR PRODUCTION NO. 18:

13 |       All DOCUMENTS related to Wei "Wendy" Huang.

14 | REQUEST FOR PRODUCTION NO. 19:

15 |       All DOCUMENTS related to Shelby (Tsai Luan) Ho.

16 |

17 | Dated: November 21, 2016

18 |                          COSTELL & CORNELIUS LAW CORPORATION

19 |

20 |                    By    _____

21 |                                  SUMMER SAAD

22 |                          Attorneys for Lucy Gao

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANT GAO'S FIRST REQUESTS FOR PRODUCTION TO KIRK

1

## PROOF OF SERVICE

2

3       I am employed in the County of Los Angeles, State of California, I am over the age of 18;

4   my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

5       On November 21, 2016, I served the following document: **REQUEST FOR
PRODUCTION**, on the interested parties by placing a true copy thereof enclosed in a sealed

6   envelope addressed as follows:

7
**Counsel for Benjamin Kirk**              **Counsel for the Committee of**
8   William E. Crockett                        **Unsecured Creditors**
Steven R. Skirvin                          Gail S. Greenwood
9   Law Offices of William Crockett            Jeremy Richards
16000 Ventura Blvd., Ste. 1000             Pachulski, Stang, Ziehl & Jones, LLP
10  Encino, CA 91436                           10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
11

12  ( )   **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS**: I am "readily
familiar" with my firm's practice of collection and processing correspondence for
13        mailing.  Under that practice it would be deposited with U.S. postal service on that same
14        day with postage thereon fully prepaid at Santa Monica, California in the ordinary
course of business.  I know that the envelope was sealed and, with postage thereon fully
15        prepaid, placed for collection and mailing on this date, following ordinary business
practices, in the United States mail at Santa Monica, California.
16

17  ( )   I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

18  ( )   **BY OVERNIGHT MAIL**: I placed a true copy of said document in a sealed **NORCO**
19        envelope addressed as indicated above, with delivery fees provided for, and, deposited
said envelope in a box regularly maintained by **NORCO**, for next day delivery.
20

21  ( )   **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be
delivered by electronic mail to the e-mail address(es) as listed above.
22

23  (X)   **BY PERSONAL SERVICE**: I caused such documents to be personally delivered to the
parties at the address listed below:
24

25  (X)   Executed on November 21, 2016, at Santa Monica, California.

26  (X)   I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

27

28
                                        _____
                                        Mel Harris

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
JOSHUA S. STAMBAUGH (State Bar No. 233834)
SUMMER R. SAAD (State Bar No. 250337)
**COSTELL & CORNELIUS LAW CORPORATION**
1299 Ocean Ave., Suite 450
Santa Monica, California 90401
Telephone:  (310) 458-5959
Facsimile:  (310) 458-7959
Email: acornelius@costell-law.com; ssaad@costell-law.com;

Attorneys for Lucy Gao

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

### **LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT<br>CORPORATION, a California corporation,<br><br>   Debtor and<br>   Debtor in Possession. | Case No.: 2:16-bk-13575-TD<br><br>Chapter 11<br><br>Adv. No. 2:16-ap-01337-TD<br><br>**SPECIAL INTERROGATORIES**<br><br>Judge:   Thomas B. Donovan |
| OFFICIAL UNSECURED CREDITORS<br>COMMITTEE FOR LIBERTY ASSET<br>MANAGEMENT CORPORATION,<br><br>   Plaintiff<br><br>  vs.<br><br>LUCY GAO, an individual, and BENJAMIN<br>KIRK, an individual,<br><br>   Defendants | |

PROPOUNDING PARTY:  DEFENDANT LUCY GAO

RESPONDING PARTY: OFFICIAL COMMITTEE OF UNSECURED CREDITORS

SET NUMBER:   ONE

SMRH:479902989.1

Case No. 3:15-cv-01373-VC
DEFENDANT GAO'S FIRST INTERROGATORIES

The Official Committee of Unsecured Creditors is hereby requested to respond in compliance with Rule 33 of the Federal Rules of Civil Procedure to the following Interrogatories.

## DEFINITIONS

1.      YOU and YOUR refer to Plaintiff the Committee.

2.      COMPLAINT refers to the Complaint filed in the above-referenced action.

3.      COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.      DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.      LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession.

## INTERROGATORIES

INTERROGATORY NO. 1:

State all facts that you contend show that Lucy Gao owed fiduciary duties to LIBERTY.

INTERROGATORY NO. 2:

Describe LIBERTY's relationship with Sonia Chiou, including the date and location of ITS introduction to Ms. Chiou.

INTERROGATORY NO. 3:

State the date, time, and substance (with as much detail as possible) of YOUR most recent COMMUNICATION with Sonia Chiou.

1  INTERROGATORY NO. 4:

2      State all facts that you contend show that Lucy Gao received money from

3  LIBERTY other than that to which she was entitled.

4  INTERROGATORY NO. 5:

5      State the date, time, and substance (with as much detail as possible) of each

6  COMMUNICATION between YOU and Sonia Chiou related to a transaction described in

7  the COMPLAINT.

8  INTERROGATORY NO. 6:

9      State the date, time, and substance (with as much detail as possible) of each

10  COMMUNICATION between YOU and Defendant Benny Kirk related to the

11  COMPLAINT.

12  INTERROGATORY NO. 7:

13      State the date, time, and substance (with as much detail as possible) of each

14  COMMUNICATION between YOU and Vanessa Lavendera.

15  INTERROGATORY NO. 85:

16      State the date, time, and substance (with as much detail as possible) of each

17  COMMUNICATION between YOU and Jimmy Guo related to a transaction described in

18  the COMPLAINT.

19  INTERROGATORY NO.9:

20      State the date, time, and substance (with as much detail as possible) of each

21  COMMUNICATION between YOU and Derek Guo related to a transaction described in

22  the COMPLAINT.

23  INTERROGATORY NO. 60:

24      State the date, time, and substance (with as much detail as possible) of each

25  COMMUNICATION between YOU and Wei "Wendy" Huang related to a transaction

26  described in the COMPLAINT.

27

28      .

3

INTERROGATORY NO. 11:

Describe with particularity each and every action taken by LIBERTY to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Operating Agreement for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO. 17:

Describe with particularity each and every action taken by LIBERTY to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Statement of Information for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO.13:

Describe with particularity each and every action taken by JD Brothers LLC to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Statement of Information for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO. 14

For each of the concurrently served Requests for Admission to which YOUR response is something other than an unqualified admission, state all facts that support such response.

DEFENDANT GAO'S FIRST INTERROGATORIES

Dated: November 21, 2016

COSTELL & CORNELIUS LAW CORPORATION

By _____
                    SUMMER SAAD

                Attorneys for Lucy Gao

DEFENDANT GAO'S FIRST INTERROGATORIES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

On November 21, 2016, I served the following document: **SPECIAL INTERROGATORIES**, on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| **Counsel for Benjamin Kirk** | **Counsel for the Committee of** |
|---|---|
| William E. Crockett | **Unsecured Creditors** |
| Steven R. Skirvin | Gail S. Greenwood |
| Law Offices of William Crockett | Jeremy Richards |
| 16000 Ventura Blvd., Ste. 1000 | Pachulski, Stang, Ziehl & Jones, LLP |
| Encino, CA 91436 | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |

( ) **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS:** I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( ) I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( ) **BY OVERNIGHT MAIL:** I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( ) **BY EMAIL OR ELECTRONIC TRANSMISSION:** I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X) **BY PERSONAL SERVICE:** I caused such documents to be personally delivered to the parties at the address listed below:

(X) Executed on November 21, 2016, at Santa Monica, California.

(X) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Mel Harris

ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
JOSHUA S. STAMBAUGH (State Bar No. 233834)
SUMMER R. SAAD (State Bar No. 250337)
**COSTELL & CORNELIUS LAW CORPORATION**
1299 Ocean Ave., Suite 450
Santa Monica, California 90401
Telephone:  (310) 458-5959
Facsimile:  (310) 458-7959
Email: acornelius@costell-law.com; ssaad@costell-law.com;

Attorneys for Lucy Gao

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>       Debtor and<br>       Debtor in Possession. | Case No.: 2:16-bk-13575-TD<br><br>Chapter 11<br><br>Adv. No. 2:16-ap-01337-TD<br><br>**SPECIAL INTERROGATORIES** |
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>       Plaintiff<br><br>       vs.<br><br>LUCY GAO, an individual, and BENJAMIN KIRK, an individual,<br><br>       Defendants | Judge:   Thomas B. Donovan |

PROPOUNDING PARTY:      DEFENDANT LUCY GAO

RESPONDING PARTY:      BENJAMIN KIRK

SET NUMBER:      ONE

Defendant Benjamin Kirk is hereby requested to respond in compliance with Rule 33 of the Federal Rules of Civil Procedure to the following Interrogatories.

## DEFINITIONS

1.    YOU and YOUR refer to Defendant Benjamin Kirk.

2.    COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.    COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.    DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.    LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession.

## INTERROGATORIES

INTERROGATORY NO. 1:

State all facts that you contend show that Lucy Gao owed fiduciary duties to LIBERTY.

INTERROGATORY NO. 2:

Describe LIBERTY's relationship with Sonia Chiou, including the date and location of ITS introduction to Ms. Chiou.

INTERROGATORY NO. 3:

State the date, time, and substance (with as much detail as possible) of YOUR most recent COMMUNICATION with Sonia Chiou.

2

1  INTERROGATORY NO. 4:

2      State all facts that you contend show that Lucy Gao received money from

3  LIBERTY other than to which she was entitled.

4  INTERROGATORY NO. 5:

5      State the date, time, and substance (with as much detail as possible) of each

6  COMMUNICATION between YOU and Sonia Chiou related to a transaction described in

7  the COMPLAINT.

8  INTERROGATORY NO. 6:

9      State the date, time, and substance (with as much detail as possible) of each

10 COMMUNICATION between YOU and Plaintiff Official Unsecured Creditors Committee

11 of Liberty Asset Management Coporation related to the COMPLAINT.

12 INTERROGATORY NO. 7:

13     State the date, time, and substance (with as much detail as possible) of each

14 COMMUNICATION between YOU and Vanessa Lavendera.

15 INTERROGATORY NO. 85:

16     State the date, time, and substance (with as much detail as possible) of each

17 COMMUNICATION between YOU and Jimmy Guo related to a transaction described in

18 the COMPLAINT.

19 INTERROGATORY NO.9:

20     State the date, time, and substance (with as much detail as possible) of each

21 COMMUNICATION between YOU and Derek Guo related to a transaction described in

22 the COMPLAINT.

23 INTERROGATORY NO. 60:

24     State the date, time, and substance (with as much detail as possible) of each

25 COMMUNICATION between YOU and Wei "Wendy" Huang related to a transaction

26 described in the COMPLAINT.

27

28      .

3

INTERROGATORY NO. 11:

Describe with particularity each and every action taken by LIBERTY to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Operating Agreement for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO. 17:

Describe with particularity each and every action taken by LIBERTY to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Statement of Information for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO.13:

Describe with particularity each and every action taken by JD Brothers LLC to ensure that JD Brothers LLC's alleged membership in HK Grace Building LLC was accurately documented in the Statement of Information for HK Grace Building LLC, including the date and time of each such action.

INTERROGATORY NO. 14

For each of the concurrently served Requests for Admission to which YOUR response is something other than an unqualified admission, state all facts that support such response.

4

Dated: November 21, 2016

COSTELL & CORNELIUS LAW CORPORATION

By _____
                        SUMMER SAAD

                Attorneys for Lucy Gao

5

<u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

On November 21, 2016, I served the following document: **SPECIAL INTERROGATORIES**, on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>**Counsel for Benjamin Kirk**</u>
William E. Crockett
Steven R. Skirvin
Law Offices of William Crockett
16000 Ventura Blvd., Ste. 1000
Encino, CA 91436

**Counsel for the Committee of**
<u>**Unsecured Creditors**</u>
Gail S. Greenwood
Jeremy Richards
Pachulski, Stang, Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

( )    **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS:** I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( )    I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( )    **BY OVERNIGHT MAIL:** I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( )    **BY EMAIL OR ELECTRONIC TRANSMISSION:** I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X)    **BY PERSONAL SERVICE:** I caused such documents to be personally delivered to the parties at the address listed below:

(X)    Executed on November 21, 2016, at Santa Monica, California.

(X)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Mel Harris

# EXHIBIT 2

1  ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
2  JOSHUA S. STAMBAUGH (State Bar No. 233834)
   SUMMER R. SAAD (State Bar No. 250337)
3  **COSTELL & CORNELIUS LAW CORPORATION**
   1299 Ocean Ave., Suite 450
4  Santa Monica, California 90401
5  Telephone:  (310) 458-5959
   Facsimile:  (310) 458-7959
6  Email: acornelius@costell-law.com; ssaad@costell-law.com;
7
   Attorneys for Lucy Gao
8                UNITED STATES BANKRUPTCY COURT
9        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
10                     **LOS ANGELES DIVISION**
11

| 12 | In re: | Case No.:  2:16-bk-13575-TD |
|---|---|---|
| 13 | LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation, | Chapter 11 |
| 14 | | Adv. No. 2:16-ap-01337-TD |
| 15 | Debtor and Debtor in Possession. | **LUCY GAO'S NOTICE OF DEPOSITION TO BENJAMIN ("BENNY") KIRK** |
| 16 | | |
| 17 | | |
| 18 | OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION, | Date:      January 9, 2017 Time:      10:00 a.m. |
| 19 | | Location:  Costell & Cornelius Law Corp |
| 20 | Plaintiff | 1299 Ocean Avenue Suite 450 |
| 21 | vs. | Santa Monica, CA 90401 |
| 22 | LUCY GAO, an individual, and BENJAMIN KIRK, an individual, | |
| 23 | | |
| 24 | Defendants | |

25
26
27
28

1   **TO** ALL PARTIES AND THEIR ATTORNEY OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to FRBP 7030 and FRCP 30 and 45,

3   Defendant Lucy Gao, an individual ("Gao") by and through her attorneys on record, will

4   take the deposition upon oral examination of Defendant Benjamin ("Benny") Kirk on

5   January 9, 2017 at 10:00 a.m. at the offices of Costell & Cornelius Law Corporation, 1299

6   Ocean Avenue, Suite 450, Santa Monica, CA 90401.

7          PLEASE TAKE FURTHER NOTICE that this deposition will be taken before a

8   notary public or other person authorized to administer oaths under applicable law, and will

9   be conducted pursuant to FRCP 30.  Pursuant to FRCP 30(b)(3), Defendant Gao reserves

    the right to record the deposition testimony by videotape and instant visual display.

10  Defendant Gao reserves the right to use the videotape deposition at the time of trial.

11         A list of all parties or attorneys for parties on whom this Notice of Deposition is

12  being served is shown on the accompanying Proof of Service.

13

14

15  Dated: November 21, 2016

16                           COSTELL & CORNELIUS LAW CORPORATION

17

18                           By _____

19                                         SUMMER SAAD

20                                 Attorneys for Lucy Gao

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3          I am employed in the County of Los Angeles, State of California, I am over the age of 18;

4    my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

5          On November 21, 2016, I served the following document: **LUCY GAO'S NOTICE OF
DEPOSITION TO BENJAMIN ("BENNY") KIRK**, on the interested parties by placing a true

6    copy thereof enclosed in a sealed envelope addressed as follows:

7

8    **Counsel for Benjamin Kirk**              **Counsel for the Committee of**
William E. Crockett                        **Unsecured Creditors**
Steven R. Skirvin                          Gail S. Greenwood

9    Law Offices of William Crockett            Jeremy Richards
16000 Ventura Blvd., Ste. 1000             Pachulski, Stang, Ziehl & Jones, LLP

10   Encino, CA 91436                           10100 Santa Monica Blvd., 13th Floor

11                                              Los Angeles, CA 90067

12   ( )  **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS:** I am "readily

13        familiar" with my firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with U.S. postal service on that same

14        day with postage thereon fully prepaid at Santa Monica, California in the ordinary
course of business.  I know that the envelope was sealed and, with postage thereon fully

15        prepaid, placed for collection and mailing on this date, following ordinary business
practices, in the United States mail at Santa Monica, California.

16

17   ( )  I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

18   ( )  **BY OVERNIGHT MAIL:** I placed a true copy of said document in a sealed **NORCO**

19        envelope addressed as indicated above, with delivery fees provided for, and, deposited
said envelope in a box regularly maintained by **NORCO**, for next day delivery.

20

21   ( )  **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be
delivered by electronic mail to the e-mail address(es) as listed above.

22

23   (X)  **BY PERSONAL SERVICE:** I caused such documents to be personally delivered to the
parties at the address listed below:

24

25   (X)  Executed on November 21, 2016, at Santa Monica, California.

26   (X)  I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

27

28                                    _____
                                      Mel Harris

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALEXANDRE IAN CORNELIUS (State Bar No. 180652)
JOSHUA S. STAMBAUGH (State Bar No. 233834)
SUMMER R. SAAD (State Bar No. 250337)
**COSTELL & CORNELIUS LAW CORPORATION**
1299 Ocean Ave., Suite 450
Santa Monica, California 90401
Telephone:  (310) 458-5959
Facsimile:  (310) 458-7959
Email: acornelius@costell-law.com; ssaad@costell-law.com;

Attorneys for Lucy Gao

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

#### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>      Debtor and<br>      Debtor in Possession. | Case No.: 2:16-bk-13575-TD<br><br>Chapter 11<br><br>Adv. No. 2:16-ap-01337-TD<br><br>**LUCY GAO'S NOTICE OF DEPOSITION TO PLAINTIFF, THE OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORP.** |
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>      Plaintiff<br><br>      vs.<br><br>LUCY GAO, an individual, and BENJAMIN KIRK, an individual,<br><br>      Defendants | Date:      January 10, 2017<br>Time:      10:00 a.m.<br>Location:  Costell & Cornelius Law Corp<br>            1299 Ocean Avenue<br>            Suite 450<br>            Santa Monica, CA 90401 |

Case No. 3:15-cv-01373-VC
DEFENDANT GAO'S DEPOSITION NOTICE TO PLAINTIFF OFFICIAL UNSECURED
CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORP.

1  **TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

2      PLEASE TAKE NOTICE that, pursuant to FRBP 7030, and FRCP 30 and 45,

3  Defendant Lucy Gao, an individual ("Defendant") by and through her attorneys on record,

4  will take the deposition upon oral examination of Plaintiff OFFICIAL UNSECURED

5  CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT

6  CORPORATION ("Deponent") on January 10, 2017 at 10:00 a.m. at the offices of Costell

7  & Cornelius Law Corporation, 1299 Ocean Avenue, Suite 450, Santa Monica, CA 90401.

8      PLEASE TAKE FURTHER NOTICE that this deposition will be taken before a

9  notary public or other person authorized to administer oaths under applicable law, and will

10 be conducted pursuant to FRCP 30. Pursuant to FRCP 30(b)(3), Defendant reserves the

11 right to record the deposition testimony by videotape and instant visual display. Defendant

    reserves the right to use the videotape deposition at the time of trial.

12     The Deponent is not a natural person. Deponent is hereby requested and required,

13 pursuant to FRCP 30(b)(6), to designate and produce a person or persons to testify on

14 behalf of the Committee. The matters on which the Deponent will be examined, and must

15 designate persons(s) most knowledgeable, are as follows:

16             **See attached Exhibit "A" hereto.**

17     A list of all parties or attorneys for parties on whom this Notice of Deposition is

18 being served is shown on the accompanying Proof of Service.

19

20

    Dated: November 21, 2016

21

22                    COSTELL & CORNELIUS LAW CORPORATION

23

24                    By

25                           SUMMER SAAD
                          Attorneys for Lucy Gao

26

27

28

                             2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT A

22
23
24
25
26
27
28

DEFENDANT GAO'S DEPOSITION NOTICE TO PLAINTIFF OFFICIAL UNSECURED
CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORP

Exhibit "A"

1. How Lucy Gao owes a fiduciary duty as described in the Complaint.

2. Lucy Gao's status as an employee of Liberty Asset Management Corporation.

3. Benjamin Kirk's control of Liberty Asset Management Corporation.

4. Benjamin Kirk's ownership of Liberty Asset Management Corporation.

5. Lucy Gao failing to be a "control person" of Liberty Asset Management Corporation as defined under 11 U.S.C. 101 (31).

6. All communications between Benjamin Kirk and any other individual or entity regarding any investment of Liberty Asset Management Corporation.

7. All transfers to Benjamin Kirk for his personal benefit from Liberty Asset Management Corporation.

8. All monies received by Liberty Asset Management Corporation.

9. All transactions described in the Complaint.

10. All alleged investments described in the Complaint.

11. All other allegations of the Complaint.

12. All factual assertions made in the Statement of Uncontroverted Facts and Conclusions of Law in Support of the Committee's Motion for Summary Adjudication of Defendants' Liability for Breach of Fiduciary Duties and Accounting, filed on November 3, 2016 [Dckt No. 19].

## PROOF OF SERVICE

    I am employed in the County of Los Angeles, State of California, I am over the age of 18; my business address is 1299 Ocean Avenue, Suite 450, Santa Monica, California 90401.

    On November 21, 2016, I served the following document: **LUCY GAO'S NOTICE OF DEPOSITION TO PLAINTIFF, THE OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORP.,** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Counsel for Benjamin Kirk**
William E. Crockett
Steven R. Skirvin
Law Offices of William Crockett
16000 Ventura Blvd., Ste. 1000
Encino, CA 91436

**Counsel for the Committee of Unsecured Creditors**
Gail S. Greenwood
Jeremy Richards
Pachulski, Stang, Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

( )  **By FIRST CLASS U.S. MAIL, POSTAGE PREPAID AS FOLLOWS**: I am "readily familiar" with my firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Santa Monica, California.

( )  I caused such envelope(s) to be deposited in the mail at Santa Monica, California.

( )  **BY OVERNIGHT MAIL**: I placed a true copy of said document in a sealed **NORCO** envelope addressed as indicated above, with delivery fees provided for, and, deposited said envelope in a box regularly maintained by **NORCO**, for next day delivery.

( )  **BY EMAIL OR ELECTRONIC TRANSMISSION**: I caused said document to be delivered by electronic mail to the e-mail address(es) as listed above.

(X)  **BY PERSONAL SERVICE**: I caused such documents to be personally delivered to the parties at the address listed below:

(X)  Executed on November 21, 2016, at Santa Monica, California.

(X)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Mel Harris

# EXHIBIT 3

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   Adv. No. 2:16-ap-01337-TD |
| LUCY GAO, an individual, and BENJAMIN KIRK, an individual | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Shelby (Tsai Luan) Ho

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Costell & Cornelius Law Corporation 1299 Ocean Avenue, Suite 450 Santa Monica, CA 90401 | Date and Time: 12/14/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please find the Requests for Production listed in EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2016

                    *CLERK OF COURT*

                                        OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Lucy Gao, individual
_____ , who issues or requests this subpoena, are:
Summer Saad; Costell & Cornelius Law Corporation; 1299 Ocean Ave, Suite 450, Santa Monica, CA 90401
Ssaad@costell-law.com; 310 458 5959

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  Adv. No. 2:16-ap-01337-TD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



1
2
## DEFINITIONS

3    1.    YOU and YOUR refer to Shelby (Tsai Luan) Ho.

4    2.    COMPLAINT refers to the Complaint filed in the above-referenced
5  adversary proceeding.

6    3.    COMMUNICATION refers to any exchange, imparting, or transmission of
7  ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with
8  or without the use of electronics, and includes, without limitation, in-person interaction,
9  telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters,
10  and memoranda.

11    4.    DOCUMENT and DOCUMENTS are defined to be synonymous in meaning
12  and equal in scope to the usage of the term "documents" and "electronically stored
13  information" in Rule 34 of the Federal Rules of Civil Procedure.

14    5.    LIBERTY means Liberty Asset Management Corporation, debtor and
15  debtor-in-possession in the bankruptcy case related to this proceeding, main bankruptcy
16  case number 2:16-bk-13575-TD.

17
## REQUESTS FOR PRODUCTION
18

19  REQUEST FOR PRODUCTION NO. 1:

20    All DOCUMENTS related to Defendant Lucy Gao.

21  REQUEST FOR PRODUCTION NO. 2:

22    All DOCUMENTS related to Defendant Benjamin Kirk.

23  REQUEST FOR PRODUCTION NO. 3:

24    All DOCUMENTS related to Liberty.

25  REQUEST FOR PRODUCTION NO. 4:

26    All DOCUMENTS related to HK Grace Building LLC.

27
28

1

1  REQUEST FOR PRODUCTION NO. 5:

2       All DOCUMENTS related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

3  REQUEST FOR PRODUCTION NO. 6:

4       All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

5  26390 Anacapa Dr., Los Altos Hills, CA 94022.

6  REQUEST FOR PRODUCTION NO. 7:

7       All DOCUMENTS related to 126 Atherton, Atherton, CA.

8  REQUEST FOR PRODUCTION NO. 8:

9       All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

10 126 Atherton, Atherton, CA.

11 REQUEST FOR PRODUCTION NO. 9:

12      All DOCUMENTS related to Vanessa Lavendera.

13 REQUEST FOR PRODUCTION NO. 10:

14      All DOCUMENTS related to Sonia Chiou.

15 REQUEST FOR PRODUCTION NO. 11:

16      All DOCUMENTS related to Wei "Wendy" Huang.

17 REQUEST FOR PRODUCTION NO. 12:

18      All DOCUMENTS related to (1) the initiation of the present lawsuit; (2) the

19 prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant Benjamin Kirk;

20 or (5) any transaction described in the COMPLAINT.

21 REQUEST FOR PRODUCTION NO. 13:

22      All DOCUMENTS related to any transaction described in the COMPLAINT.

23 REQUEST FOR PRODUCTION NO. 14:

24      All DOCUMENTS related to any investment described in the COMPLAINT.

25 REQUEST FOR PRODUCTION NO. 15:

26      All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of

27 LIBERTY.

28

2

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS sent to or received from LIBERTY, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS sent to or received from HK Grace, LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS sent to or received from any "Investment Entity" as that term is used and described in the COMPLAINT its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-bk-13575-TD |
| LUCY GAO, an individual, and BENJAMIN KIRK, an individual | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Vanessa Lavendera

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Costell & Cornelius Law Corporation 1299 Ocean Avenue, Suite 450 Santa Monica, CA 90401 | Date and Time: 12/13/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    Please find the Requests for Production listed in EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/21/2016

        *CLERK OF COURT*

                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Lucy Gao, individual
_____ , who issues or requests this subpoena, are:
Summer Saad; Costell & Cornelius Law Corporation; 1299 Ocean Ave, Suite 450, Santa Monica, CA 90401
Ssaad@costell-law.com; 310.458.5959

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:16-bk-13575-TD

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1.      YOU and YOUR refer to Vanessa Lavendera.

2.      COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.      COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.      DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.      LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession in the bankruptcy case related to this proceeding, main bankruptcy case number 2:16-bk-13575-TD.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS related to Defendant Lucy Gao.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS related to Defendant Benjamin Kirk.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS related to Liberty.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS related to HK Grace Building LLC.

Case 2:16-ap-01337-ER    Doc 33    Filed 12/05/16    Entered 12/05/16 20:21:52    Desc
Main Document    Page 69 of 132

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

REQUEST FOR PRODUCTION NO. 6:

All COMMUNICATIONS between you and Defendant Benjamin Kirk related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS related to 126 Atherton, Atherton, CA.

REQUEST FOR PRODUCTION NO. 8:

All COMMUNICATIONS between you and Defendant Benjamin Kirk related to 126 Atherton, Atherton, CA.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS related to Wei "Wendy" Huang.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS related to Sonia Chiou.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS related to Shelby (Tsai Luan) Ho.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS related to (1) the initiation of the present lawsuit; (2) the prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant Benjamin Kirk; or (5) any transaction described in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS related to any transaction described in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS related to any investment described in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of LIBERTY.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS sent to or received from LIBERTY, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS sent to or received from HK Grace, LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS sent to or received from any "Investment Entity" as that term is used and described in the COMPLAINT its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| LUCY GAO, an individual, and BENJAMIN KIRK, an individual | ) ) ) |
| *Defendant* | ) |

Civil Action No.    2:16-bk-13575-TD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Sonia Chiou

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Costell & Cornelius Law Corporation 1299 Ocean Avenue, Suite 450 Santa Monica, CA 90401 | Date and Time: 12/09/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    Please find the Requests for Production listed in EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2016

                    *CLERK OF COURT*

                                        OR

_____              _____
      *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Lucy Gao, individual
_____ , who issues or requests this subpoena, are:
Summer Saad; Costell & Cornelius Law Corporation; 1299 Ocean Ave, Suite 450, Santa Monica, CA 90401
Ssaad@costell-law.com; 310.458.5959

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:16-bk-13575-TD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

   **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
   **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

## DEFINITIONS

1.    YOU and YOUR refer to Sonia Chiou.

2.    COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.    COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.    DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.    LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession in the bankruptcy case related to this proceeding, main bankruptcy case number 2:16-bk-13575-TD.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS related to Defendant Lucy Gao.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS related to Defendant Benjamin Kirk.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS related to Liberty.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS related to HK Grace Building LLC.

1  <u>REQUEST FOR PRODUCTION NO. 5</u>:

2  　　All DOCUMENTS related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

3  <u>REQUEST FOR PRODUCTION NO. 6</u>:

4  　　All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

5  26390 Anacapa Dr., Los Altos Hills, CA 94022.

6  <u>REQUEST FOR PRODUCTION NO. 7</u>:

7  　　All DOCUMENTS related to 126 Atherton, Atherton, CA.

8  <u>REQUEST FOR PRODUCTION NO. 8</u>:

9  　　All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

10  126 Atherton, Atherton, CA.

11  <u>REQUEST FOR PRODUCTION NO. 9</u>:

12  　　All DOCUMENTS related to Vanessa Lavendera.

13  <u>REQUEST FOR PRODUCTION NO. 10</u>:

14  　　All DOCUMENTS related to Wei "Wendy" Huang.

15  <u>REQUEST FOR PRODUCTION NO. 11</u>:

16  　　All DOCUMENTS related to Shelby (Tsai Luan) Ho.

17  <u>REQUEST FOR PRODUCTION NO. 12</u>:

18  　　All DOCUMENTS related to (1) the initiation of the present lawsuit; (2) the

19  prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant Benjamin Kirk;

20  or (5) any transaction described in the COMPLAINT.

21  <u>REQUEST FOR PRODUCTION NO. 13</u>:

22  　　All DOCUMENTS related to any transaction described in the COMPLAINT.

23  <u>REQUEST FOR PRODUCTION NO. 14</u>:

24  　　All DOCUMENTS related to any investment described in the COMPLAINT.

25  <u>REQUEST FOR PRODUCTION NO. 15</u>:

26  　　All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of

27  LIBERTY.

28

2

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS sent to or received from LIBERTY, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS sent to or received from HK Grace, LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS sent to or received from any "Investment Entity" as that term is used and described in the COMPLAINT its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION<br>*Plaintiff*<br>v.<br>LUCY GAO, an individual, and BENJAMIN KIRK, an individual<br>*Defendant* | ) ) ) ) ) ) )  Civil Action No.   2:16-bk-13575-TD |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Wei "Wendy" Huang

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Embassy Suites San Francisco Airport, 250 Gateway Blv Presidio Conference Room South San Francisco, CA 94080 | Date and Time:<br>12/16/2016 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    Please find the Requests for Production listed in EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/21/2016

CLERK OF COURT

_____                OR    _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Lucy Gao, individual
, who issues or requests this subpoena, are:
Summer Saad; Costell & Cornelius Law Corporation; 1299 Ocean Ave, Suite 450, Santa Monica, CA 90401
Ssaad@costell-law.com; 310 458 5959

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:16-bk-13575-TD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1.    YOU and YOUR refer to Wei "Wendy" Huang.

2.    COMPLAINT refers to the Complaint filed in the above-referenced adversary proceeding.

3.    COMMUNICATION refers to any exchange, imparting, or transmission of ideas, information, opinions, or thoughts, transmitted by speech, gestures, or writing, with or without the use of electronics, and includes, without limitation, in-person interaction, telephone calls, video calls, emails, text messages, internet chat, fax transmissions, letters, and memoranda.

4.    DOCUMENT and DOCUMENTS are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and "electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure.

5.    LIBERTY means Liberty Asset Management Corporation, debtor and debtor-in-possession in the bankruptcy case related to this proceeding, main bankruptcy case number 2:16-bk-13575-TD.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS related to Defendant Lucy Gao.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS related to Defendant Benjamin Kirk.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS related to Liberty.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS related to HK Grace Building LLC.

1   REQUEST FOR PRODUCTION NO. 5:

2        All DOCUMENTS related to 26390 Anacapa Dr., Los Altos Hills, CA 94022.

3   REQUEST FOR PRODUCTION NO. 6:

4        All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

5   26390 Anacapa Dr., Los Altos Hills, CA 94022.

6   REQUEST FOR PRODUCTION NO. 7:

7        All DOCUMENTS related to 126 Atherton, Atherton, CA.

8   REQUEST FOR PRODUCTION NO. 8:

9        All COMMUNICATIONS between you and Defendant Benjamin Kirk related to

10  126 Atherton, Atherton, CA.

11  REQUEST FOR PRODUCTION NO. 9:

12       All DOCUMENTS related to Vanessa Lavendera.

13  REQUEST FOR PRODUCTION NO. 10:

14       All DOCUMENTS related to Sonia Chiou.

15  REQUEST FOR PRODUCTION NO. 11:

16       All DOCUMENTS related to Shelby (Tsai Luan) Ho.

17  REQUEST FOR PRODUCTION NO. 12:

18       All DOCUMENTS related to (1) the initiation of the present lawsuit; (2) the

19  prosecution of the present lawsuit; (3) Defendant Lucy Gao; (4) Defendant Benjamin Kirk;

20  or (5) any transaction described in the COMPLAINT.

21  REQUEST FOR PRODUCTION NO. 13:

22       All DOCUMENTS related to any transaction described in the COMPLAINT.

23  REQUEST FOR PRODUCTION NO. 14:

24       All DOCUMENTS related to any investment described in the COMPLAINT.

25  REQUEST FOR PRODUCTION NO. 15:

26       All DOCUMENTS stating that Lucy Gao is an officer, director or shareholder of

27  LIBERTY.

28

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS sent to or received from JD Brothers LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS sent to or received from LIBERTY, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS sent to or received from HK Grace, LLC, its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS sent to or received from any "Investment Entity" as that term is used and described in the COMPLAINT its attorneys, agents, members, managers or other "insiders", excluding any attorney-client or work privileged documents.

# EXHIBIT 4



**PROCESS SERVING**

CONTACT@CALWEST.INFO
PHONE (213) 353-9100
FAX (213) 353-9200

**CW170001**

*Attorney Services, Inc.*

**\*\*HOT RUSH\*\***

\*.CW170001\*

| | |
|---|---|
| **FIRM NAME: & ADDRESS:** <br> COSTELL & CORNELIUS LAW CORPORATION <br> 1299 Ocean Ave. <br> Santa Monica CA, 90401 <br><br> **PHONE #:**(310) 458-5959 <br> **FAX #:** (310) 458-7959 <br><br> **CONTACT:** Nanci VeSota <br> **BILLING / FILE #:** 5027.120 <br> **DATE / RECEIVED:** 11/22/2016 | **CUST #:** 10421 **ROUTE:** M <br> **DUE DATE #:** 11/22/2016 <br><br>  |

**COURT / DESTINATION:**
UNITED STATES DISTRICT COURT
312 N. SPRING ST. #G-8, LOS ANGELES, CA 90012
**CASE#** 2:16-bk-13575-TD
**CASE TITLE: Official Unsecured Creditors Committee,et al
VS. Lucy Gao and Benjamin Kirk**
**INSTRUCTIONS:**

| | |
|---|---|
| Servee: | **Shelby (Tsai Luan) Ho** |
| Business Address: | **126 Atherton Ave** <br> **Atherton, CA 94027-4021** |
| Documents: | **Subpoena to testify at a deposition in a civil action11-22;** |

| DATE | TIME | NOTES FROM Out of Area Service | |
|---|---|---|---|
| | | | PROCESS SVC |
| | | | BAD ADDRESS |
| | | | LOCATE |
| | | | STAKE OUT |
| | | | FEE ADV'D |
| | | | CK SERV CHARGE |
| | | | SPECIAL PICKUP |
| | | | DELIVERY |
| | | | TOTAL |

**Physical Description:**
Age:          Height:          Skin:          Hair:
Sex:          Weight:          Eyes:
Marks:

☐ Personal Service

☐ Substituted Service

☐ Not Served

Served To: _____
Served At: _____
_____
_____

Title/Rel: _____
Date: _____
Time: _____
Server: _____

order #: CW170001/WORKP

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and address)*:
**Summer R. Saad, Esq.**
**COSTELL & CORNELIUS LAW CORPORATION**
**1299 Ocean Ave.  Santa Monica, CA 90401**

TELEPHONE NO.: **(310) 458-5959**     FAX NO.: **(310) 458-7959**
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **Defendant**     Client File # **5027.120**

**UNITED STATES DISTRICT COURT**
STREET ADDRESS: **312 N. SPRING ST.  #G-8**
MAILING ADDRESS:
CITY AND ZIP CODE: **LOS ANGELES, CA 90012**
BRANCH NAME:

PLAINTIFF/PETITIONER: **Official Unsecured Creditors Committee, et al**
DEFENDANT/RESPONDENT: **Lucy Gao and Benjamin Kirk**

FOR COURT USE ONLY

| DECLARATION OF DILIGENCE | CASE NUMBER |
| | **2:16-bk-13575-TD** |

Servee:   **Shelby (Tsai Luan) Ho**

Documents:   **Subpoena to testify at a deposition in a civil action 11-22;**

Address:   **126 Atherton Ave**
**Atherton, CA 940274021**

As enumerated below:

**11/22/2016 -- 9:31 PM**
tried residence gated driveway and unable to gain access

**11/23/2016 -- 7:43 AM**
tried residence, gated unable to gain access

**11/24/2016 -- 11:34 AM**
unable gain access

**11/25/2016 -- 7:32 PM**
unable to gain access

**11/26/2016 -- 9:04 PM**
tried residence unable to gain access

**11/27/2016 -- 12:32 PM**
unable to gain access

**11/28/2016 -- 10:31 AM**
tried residence unable to gain access

**Continued on Next Page**

★   County:  **Santa Cruz**
Registration No.:  **1160**
**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on 12/2/2016.

Signature: _____
**Kris W. Vorsatz**

**DECLARATION OF DILIGENCE**

Order#: CW170001/DilFormat

# EXHIBIT 5



PROCESS SERVING

CONTACT@CALWEST.INFO

PHONE (213) 353-9100

FAX (213) 353-9200



Attorney Services, Inc.

**\*\*HOT RUSH\*\***

| FIRM NAME: & ADDRESS: | CUST #: 10421 ROUTE: M | COURT / DESTINATION: |
|---|---|---|
| COSTELL & CORNELIUS LAW CORPORATION | DUE DATE #: 11/22/2016 | UNITED STATES DISTRICT COURT |

FIRM NAME: & ADDRESS:
COSTELL & CORNELIUS LAW CORPORATION
1299 Ocean Ave.
Santa Monica CA, 90401

PHONE #:(310) 458-5959
FAX #: (310) 458-7959

CONTACT: Nanci VeSota
BILLING / FILE #: 5027.120
DATE / RECEIVED: 11/22/2016

CUST #: 10421 ROUTE: M
DUE DATE #: 11/22/2016



COURT / DESTINATION:
UNITED STATES DISTRICT COURT
312 N. SPRING ST.  #G-8, LOS ANGELES, CA 90012
CASE# 2:16-bk-13575-TD
CASE TITLE: Official Unsecured Creditors Committee,et al
VS. Lucy Gao and Benjamin Kirk
INSTRUCTIONS:

Servee:    **Sonia Chiou**

Home Address:

> **530 Showers Drive, #7315**
> **Mountain View, CA 94040**

Documents:  **Subpoena to Testify at a Deposition in a Civil Action 11-22;**

| DATE | TIME | NOTES FROM Out of Area Service | |
|---|---|---|---|
| | | | PROCESS SVC |
| | | | BAD ADDRESS |
| | | | LOCATE |
| | | | STAKE OUT |
| | | | FEE ADV'D |
| | | | CK SERV CHARGE |
| | | | SPECIAL PICKUP |
| | | | DELIVERY |
| | | | TOTAL |

Physical Description:

Age:              Height:              Skin:              Hair:

Sex:              Weight:              Eyes:

Marks:

☐ Personal Service

☐ Substituted Service

☐ Not Served

Served To: _____

Served At: _____

_____

_____

Title/Rel: _____

Date: _____

Time: _____

Server: _____

order #: CW169985/WORKP

Attorney or Party without Attorney:

**COSTELL & CORNELIUS LAW CORPORATION**
1299 Ocean Ave.
Santa Monica, CA 90401
TELEPHONE No.: (310) 458-5959    E-MAIL ADDRESS (Optional): ladelson@costell-law.com
    FAX No. (Optional): (310)-458-7959
Attorney for: Defendant Lucy Gao

FOR COURT USE ONLY

Ref No. or File No.:
5027.120

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT - WESTERN DISTRICT

Plaintiff: **Official Unsecured Creditors Committee, et al**

Defendant: **Lucy Gao and Benjamin Kirk**

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: |
|---|---|---|---|---|
| | | | | 2:16-bk-13575-TD |

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Sonia Chiou**

Documents: Subpoena to Testify at a Deposition in a Civil Action 11-22;

| Date | Time | Results |
|---|---|---|
| 11/22/2016 | 4:57 PM | Bad Address.- Location is a ups store. They would not verify her box and we can not serve a subpoena for an individual at a mailbox store. Unable to perfect service. Please advise on how to proceed - Michael L. Matthews |
| | Location: | 530 Showers Drive, # #7315 Mountain View, CA 94040 |

Fee for Service: $ 145.00
★    County: **Santa Clara**
Registration No.:    570
**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 23, 2016.

Signature: _____
        Michael L. Matthews

**NON SERVICE REPORT**

Order#: CW169985





PROCESS SERVING
CONTACT@CALWEST.INFO
PHONE (213) 353-9100
FAX (213) 353-9200

**\*\*HOT RUSH\*\***

FIRM NAME: & ADDRESS:
COSTELL & CORNELIUS LAW CORPORATION
1299 Ocean Ave.
Santa Monica CA, 90401

PHONE #:(310) 458-5959
FAX #: (310) 458-7959

CONTACT: Nanci VeSota
BILLING / FILE #: 5027.120
DATE / RECEIVED: 11/22/2016

CUST #: 10421 ROUTE: M
DUE DATE #: 11/22/2016



COURT / DESTINATION:
UNITED STATES DISTRICT COURT
312 N. SPRING ST.  #G-8, LOS ANGELES, CA 90012
CASE# 2:16-bk-13575-TD
CASE TITLE: Official Unsecured Creditors Committee,et al
VS. Lucy Gao and Benjamin Kirk
INSTRUCTIONS:

Servee:   **Sonia Chiou**

Home Address:
**4107 Jerry Ave
Baldwin Park, CA 91706-3021**

Documents:   **Subpoena to Testify at a Deposition in a Civil Action11-22;**

| DATE | TIME | NOTES FROM Luis Victoria | | |
|------|------|--------------------------|---|---|
| | | | PROCESS SVC | |
| | | | BAD ADDRESS | |
| | | | LOCATE | |
| | | | STAKE OUT | |
| | | | FEE ADV'D | |
| | | | CK SERV CHARGE | |
| | | | SPECIAL PICKUP | |
| | | | DELIVERY | |
| | | | TOTAL | |

Physical Description:
Age:          Height:          Skin:          Hair:
Sex:          Weight:          Eyes:
Marks:

☐ Personal Service

☐ Substituted Service

☐ Not Served

Served To: _____
Served At: _____       Title/Rel: _____
          _____       Date: _____
          _____       Time: _____
                                         Server: _____

order #: CW169992/WORKP

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| COSTELL & CORNELIUS LAW CORPORATION<br>1299 Ocean Ave.<br>Santa Monica, CA 90401<br>TELEPHONE No.: (310) 458-5959<br>E-MAIL ADDRESS (Optional): ladelson@costell-law.com<br>FAX No. (Optional): (310) 458-7959<br>Attorney for: Defendant Lucy Gao | | |

| | Ref No. or File No.:<br>5027.120 |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
**UNITED STATES DISTRICT COURT - WESTERN DISTRICT**

Plaintiff: **Official Unsecured Creditors Committee, et al**

Defendant: **Lucy Gao and Benjamin Kirk**

| NON SERVICE<br>REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:16-bk-13575-TD |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect
service of said process on: **Sonia Chiou**

Documents:  Subpoena to Testify at a Deposition in a Civil Action 11-22;

| Date | Time | Results |
|---|---|---|
| 11/22/2016 | 8:05 PM | **Bad Address.-** Per Hispanic occupant states subject is the owner of the home and they rent it from her, but she does not reside here and they can not accept anything on her behalf. Unable to perfect service - Luis Victoria |
| | Location: | 4107 Jerry Ave,  Baldwin Park, CA 917063021 |

Fee for Service: $ 99.00
County:  Los Angeles
Registration No.:  2015020114
Cal West Attorney Services, Inc
1201 W. Temple Street
Los Angeles, CA 90026
(213) 353-9100

I declare under penalty of perjury that the foregoing is true
and correct and that this declaration was executed on
November 23, 2016.

Signature: _____
Luis Victoria

**NON SERVICE REPORT**

Order#: CW169992

CALWEST
Attorney Services, Inc.

PROCESS SERVING
CONTACT@CALWEST.INFO
PHONE (213) 353-9100
FAX (213) 353-9200

[redacted]

**HOT RUSH**

**FIRM NAME: & ADDRESS:**
COSTELL & CORNELIUS LAW CORPORATION
1299 Ocean Ave.
Santa Monica CA, 90401

**PHONE #:**(310) 458-5959
**FAX #:** (310) 458-7959

**CONTACT:** Nanci VeSota
**BILLING / FILE #:** 5027.120
**DATE / RECEIVED:** 11/22/2016

**CUST #:** 10421 **ROUTE:** M
**DUE DATE #:** 11/22/2016

**COURT / DESTINATION:**
UNITED STATES DISTRICT COURT
312 N. SPRING ST. #G-8, LOS ANGELES, CA 90012
**CASE#** 2:16-bk-13575-TD
**CASE TITLE:** Official Unsecured Creditors Committee,et al VS. Lucy Gao and Benjamin Kirk
**INSTRUCTIONS:**

Servee: **Sonia Chiou**

Home Address:
17759 Arrow Blvd
Fontana, CA 92335-4010

Documents: Subpoena to Testify at a Deposition in a Civil Action11-22;

| DATE | TIME | NOTES FROM Juan Hernandez | | |
|---|---|---|---|---|
| | | | PROCESS SVC | |
| | | | BAD ADDRESS | |
| | | | LOCATE | |
| | | | STAKE OUT | |
| | | | FEE ADV'D | |
| | | | CK SERV CHARGE | |
| | | | SPECIAL PICKUP | |
| | | | DELIVERY | |
| | | | TOTAL | |

Physical Description:
Age: Height: Skin: Hair:
Sex: Weight: Eyes:
Marks:

☐ Personal Service
☐ Substituted Service
☐ Not Served

Served To: ____________________
Served At: ____________________ Title/Rel: ____________________
Date: ____________________
Time: ____________________
Server: ____________________

order #: CW169990/WORKP

COSTELL & CORNELIUS LAW CORPORATION
1299 Ocean Ave.
Santa Monica, CA 90401
TELEPHONE No. (310) 458-5959
Attorney or Party without Attorney:

E-MAIL ADDRESS (Optional) ladelson@costell-law.com
FAX No. (Optional) (310) 458-7959

Attorney for: Defendant Lucy Gao

FOR COURT USE ONLY

Ref No. or File No.: 5027.120

Insert name of Court, and Judicial District and Branch Court:
UNITED STATES DISTRICT COURT - WESTERN DISTRICT

Plaintiff: Official Unsecured Creditors Committee,et al

Defendant: Lucy Gao and Benjamin Kirk

| NON SERVICE REPORT | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER: 2:16-bk-13575-TD |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **Sonia Chiou**

Documents:  Subpoena to Testify at a Deposition in a Civil Action11-22;

| Date | Time | Results |
|---|---|---|
| 11/22/2016 | 6:33 PM | Location is a triplex. Per unit A subject owns the complex, but does not reside here. Unable to perfect service - Juan Hernandez |
| | Location: | 17759 Arrow Blvd,  Fontana, CA 923354010 |

Fee for Service: $ .00
  County:  **Riverside**
  Registration No.:  1208
Cal West Attorney Services, Inc
1201 W. Temple Street
Los Angeles, CA 90026
(213) 353-9100

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 23, 2016.

Signature: _____

Juan Hernandez

**NON SERVICE REPORT**

Order#: CW169990

# EXHIBIT 6

1                  IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
2                      LOS ANGELES DIVISION

3   In re:                      )    **Case No. 2:16-bk-13575-TD**
                                )    Chapter 11
4   LIBERTY ASSET MANAGEMENT    )
    CORPORATION,                )    April 25, 2016
5                               )    Los Angeles, California
              Debtor.           )    10:00 a.m.
6                               )
                                )
7   ─────────────────────────── )

                        TRANSCRIPT OF
8
          SECTION 341(a) MEETING OF CREDITORS
9
                        CONDUCTED BY
10
       QUEENIE NG, UNITED STATES TRUSTEE'S OFFICE.
11
    ATTENDANCE:
12
    Debtor's Counsel:          David Golubchik
13                             LEVENE, NEALE, BENDER, YOO & BRILL,
                                 LLP
14                             10250 Constellation Blvd.,
                                 Suite 1700
15                             Los Angeles, CA  90067
                               (310) 229-1234
16
    Debtor's Responsible       Benjamin Kirk
17  Individual/CEO:            2648 E. Workman Avenue, #3001-263
                               West Covina, CA  91791
18
    Debtor's Proposed          Lawrence Perkins
19  Restructuring Officer:     SIERRA CONSTELLATION PARTNERS
                               400 South Hope Street, Suite 1050
20                             Los Angeles, CA  90071
                               (213) 289-9060
21
    For JD Brothers, LLC:      C. Alex Naegele
22                             C. ALEX NAEGELE, A PROFESSIONAL
                                 LAW CORPORATIN
23                             95 South Market Street, Suite 300
                               San Jose, CA  95113
24                             (408) 995-3224

25

2

```
 1   ATTENDANCE:

 2   For Faith Hope              James S. Yan
     International, et al.:      LAW OFFICES OF JAMES S. YAN
 3                               980 S. Arroyo Parkway, Suite 250
                                 Pasadena, CA  91105
 4                               (626) 405-0872

 5   For PA One, LLC:            Fred A. Wong
                                 WONG & MAK, LLP
 6                               790 E. Colorado Boulevard,
                                   Suite 790
 7                               Pasadena, CA  91101
                                 (626) 795-2880
 8
     For AHA 2012, LLC:          David S. Henshaw
 9                               HENSHAW LAW OFFICE
                                 1871 The Alameda, Suite 333
10                               San Jose, CA  95126
                                 (408) 533-1075
11
     For Northern California     Mark J. Romeo
12   Mortgage Fund:              LAW OFFICES OF MARK J. ROMEO
                                 235 Montgomery Street, Suite 400
13                               San Francisco, CA  94104
                                 (415) 395-9315
14
     For Lucy Gao:               Ian S. Landsberg
15                               LANDSBERG LAW, APC
                                 280 South Beverly Drive, Suite 504
16                               Beverly Hills, CA  90212
                                 (310) 409-2228
17
     Transcription Service:      Kathy Rehling
18                               311 Paradise Cove
                                 Shady Shores, TX  76208
19                               (972) 786-3063

20

21

22

23

24
             Proceedings recorded by digital sound recording;
25              transcript produced by transcription service.
```

1                LOS ANGELES, CALIFORNIA – MAY 4, 2016

2          MS. NG:  Good morning.  My name is Queenie Ng.  I'm

3    the trial attorney for the United States Trustee's Office.

4    This is the 341(a) meeting for Liberty Asset Management

5    Corporation, Case No. 2:16-bk-13575.  And this Chapter 11 was

6    filed on March 21, 2016, and this 341(a) is set for April 25,

7    2016 at 10:00 a.m.

8        Counsel, do you want to make an appearance?

9          MR. GOLUBCHIK:  Yes.  David Golubchik; Levene, Neale,

10   Bender, Yoo & Brill; for the Debtor.

11         MS. NG:  And who is going to testify on behalf of the

12   Debtor today?

13         MR. GOLUBCHIK:  We have two individuals: Benjamin

14   Kirk, the president of the Debtor, and Larry Perkins, who's the

15   proposed CRO for the Debtor.

16         MS. NG:  Okay.  Mr. Kirk, can you please raise your

17   right hand?

18       (The witness is sworn.)

19         MS. NG:  Do you understand that you're testifying

20   under oath today?

21         MR. KIRK:  Yes.

22         MS. NG:  Is there any reason why you can't answer my

23   questions truthfully and accurately today?

24         MR. KIRK:  No.

25         MS. NG:  Thank you.  Can you please state your full

1   to answer my questions truthfully or accurately today?

2         MR. PERKINS:  No.

3         MS. NG:  Thank you.  Can you please state your full

4   name and the address in the record, please?

5         MR. PERKINS:  Lawrence Russell Perkins, 400 South Hope

6   Street, Suite 1050, Los Angeles, California 90071.

7         MS. NG:  Thank you.  I'm going to ask you two some

8   questions regarding the Debtor's affairs.  If your answers are

9   the same, then one of you can answer if you have knowledge, but

10  if your answers are different, then I need separate answers

11  from you both.  Do you understand that?

12        MR. PERKINS:  Yes.

13        MS. NG:  Thank you.  Mr. Kirk, what is your role in

14  the Debtor?

15        MR. KIRK:  I'm the president and CEO of the company.

16        MS. NG:  And how long have you been the president and

17  CEO of the Debtor?

18        MR. KIRK:  Eight years.

19        MS. NG:  Okay.  Is that when the Debtor was first

20  established?

21        MR. KIRK:  Yes.

22        MS. NG:  Was there at any point any other officer for

23  the Debtor?

24        MR. KIRK:  No.

25        THE COURT:  So Lucy Gao was never an officer or owner

1   of this particular debtor?

2         MR. KIRK:  No.

3         MS. NG:  Okay.  And so you own 100 percent of Liberty

4   Asset?

5         MR. KIRK:  Yes.

6         MS. NG:  Okay.  And Mr. Perkins, you're the proposed

7   CEO, or CRO?

8         MR. PERKINS:  Correct.

9         MS. NG:  And when was the effective date of the

10  proposed agreement?

11        MR. PERKINS:  I have to look back, but approximately

12  four weeks.

13        MS. NG:  Okay.  And can you just give me a brief

14  summary as to why the Debtor filed for bankruptcy in this case?

15        MR. KIRK:  We have -- owe to all these creditors

16  around $60-some million.  But because the personal issue with

17  me and Lucy, so caused these -- she's not cooperate to dispose

18  the asset to return the money to the creditor.  So I was forced

19  to have to file the bankrupt to dispose of all the asset to

20  return the money to creditor.

21        MS. NG:  Okay.  I understood the Debtor had one

22  prepetition bank account at Shanghai Bank, and that bank

23  account is under the name of one of the special purpose

24  entities, Goldstone Project Management, LLC.  Is that correct?

25        MR. GOLUBCHIK:  It's not a Debtor bank account.  It's

1          MR. KIRK:  It's in real estate.  Real estate buy and

2    sell.

3          MS. NG:  Okay.  And who would identify what to buy?

4          MR. KIRK:  Me.

5          MS. NG:  Okay.  You personally would do that?

6          MR. KIRK:  Yes.

7          MS. NG:  Okay.  And does the Debtor only look for

8    properties in California or does it look elsewhere outside

9    California?

10          MR. KIRK:  California.

11          MS. NG:  Okay.  So the Debtor has never purchased

12   property outside California or outside the United States?

13          MR. KIRK:  No.

14          MS. NG:  Okay.  So once you identify a piece of real

15   property, then what happened next?

16          MR. KIRK:  Then we will buy that property and some we

17   -- for resale, some for keeping.

18          MS. NG:  When you say "we," do you -- who do you mean?

19          MR. KIRK:  Our company.

20          MS. NG:  Liberty Asset?

21          MR. KIRK:  Yes.

22          MS. NG:  Okay.

23          MR. KIRK:  Liberty.

24          MS. NG:  So Liberty Asset will buy the property, some

25   you're saying will -- Liberty Asset will resell those

1  properties, some property will manage and keep it?

2        MR. KIRK:  Yes.  Also we resell.

3        MS. NG:  Okay.

4        MR. KIRK:  Yeah.  The nature is that we -- we started

5  from 2007, we do these distressed assets.

6        MS. NG:  Okay.

7        MR. KIRK:  So we buy both, either notes or REO from

8  many different bank, and then we retail -- not retail.  We do

9  -- we sell those.

10       MS. NG:  And where would the funds come from to buy

11  these properties?

12       MR. KIRK:  We have our own fund, and then some is from

13  customer, their own property.

14       MS. NG:  Okay.  So the Debtor would also look for

15  investors or third parties to fund the purchase of the

16  properties, or --

17       MR. KIRK:  Some we just pass through, give it to them.

18  We buy and then we -- like when we buy at 10 and then they 3,

19  3, 4, kind of distribute to them.

20       MS. NG:  To who, the --

21       MR. KIRK:  To the investor.

22       MS. NG:  Okay.

23       MR. KIRK:  Or the buyer.

24       MS. NG:  When you say "we buy," do you mean Liberty

25  Asset would buy it?

1          MR. KIRK:  Yeah, Liberty, yes.

2          MS. NG:  Under Liberty Asset's name?

3          MR. KIRK:  Yes.

4          MS. NG:  Okay.

5          MR. KIRK:  Or under Liberty's -- there's LLCs that --

6  because for doing these acquisitions we have different LLC.  So

7  when we buy this one, we may use this LLC.  Those are for tax

8  purpose.  So when we report tax, that's just that's LLC gain,

9  nobody.

10         MS. NG:  And who'd decide whether or not to set up a

11 special LLC to make the purchase?

12         MR. KIRK:  I decide.

13         MS. NG:  Okay.  Only you?

14         MR. KIRK:  Yes.

15         MS. NG:  Okay.  And who formed the special LLC, then?

16         MR. KIRK:  We have administration department that form

17 these LLC.

18         MS. NG:  Administration department of the Debtor?

19         MR. KIRK:  Yeah.  We had our own administration staff

20 and then they apply these LLCs.

21         MS. NG:  I thought the Debtor had no employees.

22         MR. KIRK:  No, before.  You were asking before, how we

23 operate, right?

24         MR. GOLUBCHIK:  Right now, they don't have --

25         MS. NG:  Right.

1          MR. GOLUBCHIK:  The Debtor doesn't have employees, but

2    --

3          MR. KIRK:  Right now, we don't have anybody.

4          MS. NG:  Okay.

5          MR. KIRK:  Right now, we cease operations for two,

6    three years already.

7          MS. NG:  Okay.

8          MR. KIRK:  Yeah.

9          MS. NG:  So who was in that administrative department?

10         MR. KIRK:  We just -- employee.  Many.  Whoever know

11   how to, then they would do that.

12         MS. NG:  Okay.

13         MR. KIRK:  Not like specific.

14         MR. GOLUBCHIK:  It wasn't a small operation with like

15   one person.  They actually were doing a lot of deals.  So they

16   had a whole department that was forming LLCs, doing the

17   administrative stuff associated with it.

18         MS. NG:  Was Lucy Gao part of that group who would

19   form the LLCs?

20         MR. KIRK:  Yes.

21         MS. NG:  Okay.  So was she working for the Debtor at

22   some point?

23         MR. KIRK:  Yes.

24         MS. NG:  When did that happen?

25         MR. KIRK:  That's from 2007 until recently.  Until

1   before filing this bankrupt, maybe two, three months.

2            MS. NG:   So maybe a few months prior to the

3   bankruptcy,  --

4            MR. KIRK:   Yes.

5            MS. NG:  -- she was still working for the Debtor?

6            MR. KIRK:   Okay.  But for the past few years, she's

7   not cooperate with this disposition to return refund to client.

8   So I was no choice to have to file BK because no money can

9   refund to customer.  So I just had to file to dispose all the

10  asset.

11           MS. NG:  So that administrative department who formed

12  the LLCs, do they need your approval to form the LLCs?

13           MR. KIRK:   No.  When -- if immediately just form one

14  and just like a routine.  We buy something, we form one, and

15  then it's under that name, carry the property.  Yeah.

16           MS. NG:  So the property will be owned by that special

17  LLC?

18           MR. KIRK:   Yeah.  It's all owned by Liberty.

19           MS. NG:  Okay.

20           MR. KIRK:   Not belong to that LLC.  And there's

21  sometimes in my name, sometimes Lucy's name, or no matter whose

22  name, but it's belong to Liberty.  We just form that LLC, carry

23  the property for the company.

24           MS. NG:  And who owns those LLCs?

25           MR. KIRK:   LLC was registered under individual's name

18

1 | --

2 |        MS. NG:  Okay.

3 |        MR. KIRK:  -- for tax purpose.  But it's all belong to

4 | Liberty.

5 |        MS. NG:  Okay.  When you say individual names, what

6 | name would it be?

7 |        MR. KIRK:  Lucy's name --

8 |        MS. NG:  Okay.

9 |        MR. KIRK:  -- or my name or some other's name.  Or

10 | sometimes investor's name.

11 |        MS. NG:  Okay.

12 |        MR. KIRK:  The really investor's name, because some

13 | belong to them.

14 |        MS. NG:  So was there any sort of agreement in writing

15 | that this property is owned by Liberty even though Liberty

16 | doesn't have -- doesn't own these special interest entities?

17 |        MR. KIRK:  No, no agreement.  It's just the -- the

18 | only -- was problem right now.  Problem is no written

19 | agreement.  Because before was just Lucy and me running these

20 | operation.

21 |        MS. NG:  Was there oral agreement?

22 |        MR. KIRK:  Yeah, oral.  We all know these is Liberty's

23 | property.  Everybody knows that's Liberty's --

24 |        MS. NG:  When you say, who knows that?

25 |        MR. KIRK:  Whole company.  Everyone know.

1              MS. NG:  Okay.

2              MR. KIRK:  And then even the investors know these are

3    Liberty's assets, not belong to any individuals.

4              MS. NG:  Did you have an oral agreement with Lucy Gao

5    regarding this arrangement?

6              MR. KIRK:  Yes.  She knows.  She was --

7              MS. NG:  Do you recall when the oral agreement took

8    place?

9              MR. KIRK:  Just from started, 2007.

10             MS. NG:  Okay.  Is there any reason why there was

11   nothing in writing to set forth this arrangement?

12             MR. KIRK:  No.

13             MS. NG:  Okay.  What is the average gross monthly

14   income of this Debtor?

15             MR. KIRK:  Now we don't have any.

16             MR. GOLUBCHIK:  There's no income now.

17             MS. NG:  I thought there's the rental income for the

18   bowling alley, no?

19             MR. PERKINS:  There is the bowling alley.  We haven't

20   received any of the proceeds of that, and they haven't

21   historically received those over the last handful of years.

22             MR. GOLUBCHIK: I think the difference between -- so

23   the way that historically has worked is tenant pays rent into a

24   lockbox with a secured creditor, and I think the difference is

25   maybe two -- is it $2,000 or a few hundred, something small,

146

1          MR. KIRK:  Thank you.

2          MR. GOLUBCHIK:  Thank you.

3     (Meeting concluded after two hours and forty-three minutes.)

4                         --oOo--

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19                         CERTIFICATE

20          I certify that the foregoing is a correct transcript to
   the best of my ability from the digital sound recording
21   (without log notes) of the proceedings in the above-entitled
   matter.
22
   **/s/ Kathy Rehling**                    **05/23/2016**
23   _____    _____

24   Kathy Rehling, CETD-444                      Date
   Certified Electronic Court Transcriber
25

# EXHIBIT 7

1    UNITED STATES BANKRUPTCY COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    --oOo--

4  In Re:                        ) Case No. 2:16-bk-13575-TBD
                                 )
5  LIBERTY ASSET MANAGEMENT      ) Chapter 11
   CORPORATION,                  )
6                                ) Los Angeles, California
          Debtor.               ) Wednesday, June 22, 2016
7  _____) 11:00 a.m.

8                                HRG RE RENEWED EMERGENCY
                                 MOTION FOR TURNOVER OF
9                                PROPERTY OF THE ESTATE AND
                                 BOOKS AND RECORDS RELATING TO
10                               PROPERTY OF THE ESTATE

11              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE THOMAS B. DONOVAN
12            UNITED STATES BANKRUPTCY JUDGE

13

   APPEARANCES:
14

   For the Creditors' Committee: JEREMY V. RICHARDS, ESQ.
15                               Pachulski, Stang, Ziehl
                                   & Jones
16                               10100 Santa Monica Boulevard
                                 13th Floor
17                               Los Angeles, California 90067
                                 (310) 277-6910
18
   For the Debtor:              DAVID B. GOLUBCHIK, ESQ.
19                              Levene, Neale, Bender, Yoo
                                   & Brill
20                              10250 Constellation Boulevard
                                Suite 2700
21                              Los Angeles, California 90067
                                (310) 229-1234
22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

ii

APPEARANCES:   (Cont'd.)

For the Los Angeles County          BARRY S. GLASER, ESQ.
  Treasurer and Tax                 Steckbauer Weinhart, LLP
  Collector:                        333 South Hope Street
                                    36th Floor
                                    Los Angeles, California 90071
                                    (213) 229-2868

For Benny Kirk:                     DAVID W. MEADOWS, ESQ.
                                    Suite 1235
                                    1801 Century Park East
                                    Los Angeles, California 90067
                                    (310) 557-8490

For the Creditors:                  DAVID HENSHAW, ESQ.
                                    Henshaw Law Office
                                    1871 The Alameda
                                    Suite 333
                                    San Jose, California 95126
                                    (408) 533-1075

For JD Brothers, LLC:               CHARLES A. NAEGELE, ESQ.
                                    C. Alex Naegele, a
                                      Professional Law Corporation
                                    95 South Market Street
                                    Suite 300
                                    San Jose, California 95113
                                    (408) 995-3224

For Lucy Gao:                       ROBERT A. LISNOW, ESQ.
                                    Suite 400
                                    10866 Wilshire Boulevard
                                    Los Angeles, California 90024
                                    (310) 441-1770

For Crystal Waterfalls:             IAN S. LANDSBERG, ESQ.
                                    9300 Wilshire Boulevard
                                    Suite 565
                                    Beverly Hills, California
                                      90212
                                    (310) 409-2228

iii

```
 1  Court Recorder:              Wanda Toliver
                                 Pat Pennington-Jones
 2                               United States Bankruptcy Court
                                 Edward R. Roybal Federal
 3                                  Building
                                 255 East Temple Street
 4                               Los Angeles, California 90012

 5  Transcriber:                 Jordan R. Keilty
                                 Echo Reporting, Inc.
 6                               4455 Morena Boulevard
                                 Suite 104
 7                               San Diego, CA 92117
                                 (858) 453-7590
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

iv

I N D E X

| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|-----------|--------|-------|----------|---------|
| Benny Kirk | 22 | 46 | -- | -- |
| Lucy Gao | 65 | -- | -- | -- |
| Samantha Galapin | 69 | 116 | 128 | -- |

*Echo Reporting, Inc.*

1

1   <u>LOS ANGELES, CALIFORNIA WEDNESDAY, JUNE 22, 2016 11:00 A.M.</u>

2                           --oOo--

3         (Call to order of the Court.)

4         THE COURT:  Liberty Asset Management.  May I have

5   your appearances, please.

6         MR. GOLUBCHIK:  Good morning, your Honor.  David

7   Golubchik of Levene, Neale, Bender, Yoo and Brill, for the

8   Debtor.

9         MR. RICHARDS:  Good morning, your Honor.  Jeremy

10  Richards of Pachulski, Stang, Ziehl and Jones, appearing on

11  behalf of the Official Unsecured Creditors Committee.

12        THE COURT:  Thank you.

13        MR. MEADOWS:  Good morning, your Honor.  David

14  Meadows appearing on behalf of Benny Kirk.

15        THE COURT:  Thank you.

16        MR. HENSHAW (telephonic):   Your Honor, David

17  Henshaw for various Debtors -- I'm sorry -- Defendants --

18  sorry, creditors, that's where we are.

19        THE COURT:  Thank you.

20        MR. LISNOW:  Good morning, your Honor.  Robert

21  Lisnow -- Robert Lisnow appearing for Lucy Gao, and, for the

22  record, Ms. Gao is present in court today.

23        THE COURT:  Thank you.

24        MR. NAEGELE (telephonic):  Alex Naegele appearing

25  for creditor JD Brothers, LLC.

2

1          THE COURT:  Thank you.

2          MR. GLASER:  Good morning, your Honor.  Barry

3  Glaser on behalf of the Los Angeles County Treasurer and Tax

4  Collector.

5          THE COURT:  Thank you.

6          MR. GOLUBCHIK:  Your Honor, just to add -- David

7  Golubchik -- Benny Kirk and Lawrence Perkins, consistent

8  with this Court's order are present as well.

9          MR. LANDSBERG:  Good morning, your Honor.  Ian

10 Landsberg of Landsberg Law on behalf of Crystal Waterfalls.

11         THE COURT:  Mr. Golubchik, your motion.  Would you

12 like to begin?

13         MR. GOLUBCHIK:  Yes, your Honor.  This is a

14 renewed motion from the prior hearing.  We have -- so as

15 part of the discovery and the Committee's involvement, the

16 position of the Debtor's estate is the Debtor has interest

17 in all of these different LLCs and different properties and

18 different assets, including the books and records.  They

19 were all previously at the Holt address, the business

20 premises, and what we're seeking is a turnover of the

21 records so that we can proceed with administration of the

22 estate.

23         I think the motion is pretty clear what we're

24 trying to get, and really I think I'd rather hear from Ms.

25 Gao's counsel or one of the counsel on the outside to --

84

1  Q     Do you know what they are?

2  A     No.

3  Q     Okay.  Does she keep personal records at all in the

4  office?

5          MR. LISNOW:  Objection.  Vague and --

6  BY MR. RICHARDS:

7  Q     If you're aware?

8          MR. LISNOW:  -- lack of foundation.

9          THE COURT:  Overruled.

10         THE WITNESS:  No, personal, no, not that I'm aware

11 of.

12 BY MR. RICHARDS:

13 Q     So you say right now there are about five filing

14 cabinets full of documents, right?

15 A     That I know of, yes.

16 Q     Okay.  Has that been the case since the beginning of

17 2014?  Has it always been like that or was there a time when

18 there were more files?

19 A     There were about three more filing cabinets full of

20 documents in the -- I was in a first office when I was an

21 administrative assistant, and when I moved offices, that

22 first office had three, but those documents were removed by

23 Benny at the beginning of last year.

24 Q     Okay.  Do you remember when that was?

25 A     January 19th.

86

1  Q    Okay.  Did she explain why?

2  A    No.

3  Q    So you just did what you were told?

4  A    Yes.

5  Q    What was the name of the shredding company, do you

6  recall?

7  A    I don't remember.

8  Q    A local business in the San Gabriel Valley?

9  A    Yes.

10 Q    Okay.  And was there some urgency in her request?  Did

11 she want the shredding company as soon as possible?

12 A    Well, we had prospective tenants coming to see the

13 lower level.  So I know that she wanted to kind of get rid

14 of some documents before they came to check it out.

15 Q    And these documents were stored in that lower level?

16 A    Yes.

17 Q    Okay.  And do you know what the documents were?

18 A    They were mostly blueprints, some boxes of other

19 documents that looked to be mostly for hotels and things

20 like that, old hotels and projects that we worked on.

21 Q    Hotels meaning the hotels that were previously in

22 bankruptcy?

23 A    I don't know.

24 Q    What were they called, Hilltop, Hilltop something or

25 other, Hilltop Inn Hotel?

87

1    A    Hilltop and Diamond Bar, yeah.

2    Q    Yeah.

3    A    I don't know if they were in regards to those.

4    Q    Did you actually look at the documents before they went

5    to be shredded?

6    A    I didn't go through them, no.

7    Q    So you're -- frankly, you're not quite sure what was in

8    there, right?

9    A    Correct.

10    Q    Okay.  And so did Lucy, Ms. Gao, did she describe which

11    documents were to be shredded?  Did she identify a specific

12    group of documents to be shredded?

13    A    It was just documents in a room.

14    Q    Okay.  And had those documents been there a long time?

15    A    Yes.

16    Q    Okay.  Since when?

17    A    I don't know.

18    Q    As long as you can remember?

19    A    Yeah.

20    Q    Okay.  And was the shredding company able to come that

21    day?

22    A    No.  They came Saturday.

23    Q    Okay.  So were some documents removed from the premises

24    that Friday?

25    A    Yes.

95

1 aware of this what's called a litigation hold not to destroy

2 documents until Monday, April 4th?

3 A    Right.

4 Q    Okay.  And then did she put anything in place to make

5 sure that this -- this instruction was honored?  Did she

6 advise everyone nothing is to be destroyed, nothing is to be

7 taken away, et cetera?

8 A    Yeah.  We were advised not to do anything with any

9 Liberty documents anymore, don't touch them, don't destroy

10 them.

11 Q    Okay.  So after -- after that, as far as you know,

12 nothing was touched or destroyed?

13 A    Nothing.

14 Q    Okay.  So the only document destruction that you're

15 aware of is the shredder that came on April 2nd?

16 A    Yes.

17 Q    And you don't know what documents were destroyed,

18 correct?

19 A    Just that I saw the blueprints and a few boxes of hotel

20 information and things like that.

21 Q    What volume of documents were shredded?  How long was

22 the shredding company there?

23 A    It was six or seven canisters of documents, six of

24 which were blueprints and one box of documents.

25 Q    That was it?

96

1 A    Yeah.

2 Q    So a big shredding truck just for that?

3 A    Yeah.

4 Q    Okay.  So the -- the "Liberty documents" that were

5 separated out from these boxes that were removed on Friday

6 and returned on Saturday, did -- were those documents

7 returned on the Saturday or not?

8 A    Yes.

9 Q    They were?

10 A    To my knowledge, yes.  I had left before they were

11 returned.  But, like I said, I saw a photo of them back at

12 the office.  So that's how I knew they were back at the

13 office.

14 Q    Okay.  And so the documents that came back in the

15 boxes, what happened to them?  Were they refiled?

16 A    They were left for -- for someone to pick them up on

17 Monday, along with Benny's computer.

18 Q    And that would have been Mr. Perkins, is that right?

19 A    I believe that was his name.

20 Q    Okay.  So do you know what documents were taken out of

21 these boxes as not being "Liberty documents?"

22 A    No.

23 Q    And you were not involved in that process, right?

24 A    No.

25 Q    You had nothing to do with that?  Are you involved in

117

1  A    Yes.

2  Q    And was there anyone else that she could delegate this

3  job to, the shredding?

4  A    No.

5  Q    So did you find it unusual that she was there on that

6  day?

7  A    No.

8  Q    And do you have any reason to believe she was aware of

9  the emergency order or the preservation -- any preservation

10 document from the Bankruptcy Court?

11 A    Not that I know of.

12 Q    And you -- you ordered the shredding machine to be

13 there prior to Saturday, correct?

14 A    Yes.

15 Q    When did you do that?

16 A    Friday.

17 Q    And you indicated that was because you're trying to

18 lease the bottom floor?

19 A    Yes.

20 Q    Now, if you take a look at the documents in front of

21 you, there is a picture -- of course I can't find what I'm

22 looking for.  Look in the pictures where they have

23 photographs that the investigator took.  Do you see that?

24 A    Okay.

25 Q    And do you see that there is some bins that are being

118

1  taken out to the shredding truck?

2  A     Yes.

3  Q     And does one of those represent, to your knowledge,

4  blueprints?

5  A     Yes.

6  Q     Which one?

7  A     The one you can see the blueprints in.

8  Q     What page?

9  A     Oh, page 33.

10  Q     Top, bottom picture?

11  A     Bottom and top.

12  Q     And how many bins were like that?

13  A     Six.

14  Q     And so six were just totally blueprints?

15  A     Yes.

16  Q     And the other documents you testified were what?

17  A     Boxes of documents, hotel stuff.

18  Q     Now, you've had conversations with me, have you not?

19  A     Yes.

20  Q     And you were instructed to start assembling the

21  documents requested by counsel as to all the entities that

22  are in the property?

23  A     Yes.

24  Q     And you started that?

25  A     Yes.

121

1  A     I don't know how many he's saying he took.

2  Q     Well, is it correct he only took two or three?

3  A     No.

4  Q     And can you tell me when you first were aware that he

5  took more than two or three boxes?

6  A     The day -- January 19th, 2015, when I was there.

7  Q     And tell me what you observed.

8  A     It was the day after Vanessa Lavendera was fired.

9  Benny came in threatening to fire everyone in the building

10 and started taking out documents from Vanessa's office, from

11 the office that I was sitting in, from the filing cabinets

12 that were in that office, and instructed us to help him.  I

13 didn't.  A coworker of mine did, but he was just throwing in

14 documents into boxes and hauling them to his car, back and

15 forth, back and forth.

16 Q     And how long was he at the Holt address on January of

17 2015?

18 A     All day.  I got there at 9:00 a.m., and he was there,

19 and I want to say 10:00, 11:00 a.m. until -- I was there

20 late that day.  It was 8:30 at night when the police were

21 there.

22 Q     And why were the police called?

23 A     Because he kept threatening us, kept yelling at us,

24 threatening to fire us, telling us to get out, things like

25 that.

122

1  Q    Did he threaten your safety or welfare?

2  A    Personally, no.

3  Q    Did he do it to anyone?

4  A    Not that I'm aware of.

5  Q    Okay.  And did the police ask him to leave?

6  A    Yes.

7  Q    And did he leave at their request?

8  A    Yes.

9  Q    And did he leave with documents?

10 A    Yes.

11 Q    And did he leave with boxes?

12 A    Yes.

13 Q    And how many?

14 A    Twenty or thirty boxes.

15 Q    And those boxes, do you know what were in those boxes?

16 A    No, just I know what offices they came out of.

17 Q    All right.  Tell us what offices those boxes came out

18 of.

19 A    Vanessa's office, which was the main office.

20 Q    Okay.  Who is Vanessa?

21 A    Vanessa was the original I want to say operations

22 manager there.

23 Q    Is she there anymore?

24 A    No.

25 Q    And how long has she not been there?

123

1  A    A year and six months.

2  Q    Okay.  And there were filing cabinets in that office?

3  A    Yes.

4  Q    And were those filing cabinets bare at the time that

5  Mr. Benny took the files, Mr. Kirk?

6  A    Yes.

7  Q    So there were file cabinets that were full in that

8  office, Vanessa's, and now they're empty, is that correct?

9  A    Yes.

10 Q    And what other office did he take files from?

11 A    My office was directly next to Vanessa's.  You had to

12 walk through my office to get to her office.  There were

13 filing cabinets there, and there was one that was full, and

14 now it's completely bare.

15 Q    Okay.  So when you say files, do you know how many

16 boxes that would fill?

17 A    Seven or eight.

18 Q    Okay.  And we'll go -- let's go back to Vanessa's

19 office.  How many boxes would that fill?

20 A    Fifteen, at least.

21 Q    Okay.  And Vanessa, do you know what kind of files she

22 had in her office?

23 A    I don't.

24 Q    Do you know what kind of files were in the office next

25 to you where you said it would fill seven or eight boxes?

146

1  We've already asked for them, and we've been assured they
2  will be turned over.  But we were assured at the OSC hearing
3  that we would have cooperation from this gal, and drawing a
4  line between Liberty Asset Management and non-Liberty Asset
5  Management to me is an artificial line that is not
6  particularly clever and is designed to obfuscate and delay.
7  So my answer, your Honor, I want them to turn over right now
8  everything they have that pertains to any of those entities
9  because Ms. Galapin is a very credible witness.  She has no
10 reason to lie.  She's caught in somebody else's battle, but
11 her testimony is very clear that when I took her through
12 entities that are non-Liberty entities, she has documents.
13 Many of them are in her own office, and they haven't been
14 produced, your Honor.  And if this is what they call
15 cooperation, then I'm sorry but just like we disagree over
16 the definition of what Liberty Asset Management is, we
17 disagree over what cooperation is.  Why should we wait while
18 they -- and, your Honor, we learned about this for the first
19 time today.  No one's ever called us up and said, "By the
20 way, we're trying to put this all together for you.  So just
21 sit tight and be patient and all will be explained," because
22 if someone had said that, I would have said "Thank you but
23 no thank you.  Please get me the source documents."  If
24 you're calling Mega Bank and getting bank account
25 statements, you call them and ask them to send them to us.

177

1          I certify that the foregoing is a correct

2   transcript from the electronic sound recording of the

3   proceedings in the above-entitled matter.

4

5   /s/Jordan Keilty                    6/24/2016
    Transcriber                         Date

6

    FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

7

8

    /s/L.L. Francisco

9   L.L. Francisco, President
    Echo Reporting, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1299 Ocean Ave., Suite 450, Santa Monica, CA 90401.

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF ALEXANDRE I. CORNELIUS IN SUPPORT OF GAO'S OPPOSITION TO THE MOTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SUMMARY ADJUDICATION OF DEFENDANTS' LIABILITY FOR BREACH OF FIDUCIARY DUTIES AND ACCOUNTING**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 5, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Alexandre I Cornelius | aicornelius@costell-law.com; ssaad@costell-law.com; mharris@costell-law.com; jstambaugh@costell-law.com; ladelson@costell-law.com; jlcostell@costell-law.com |
| William Crockett | wec@weclaw.com; ksa@weclaw.com |
| Gail S Greenwood | ggreenwood@pszjlaw.com; efitzgerald@pszjlaw.com |
| Jeremy V Richards | jrichards@pszjlaw.com; bdassa@pszjlaw.com; imorris@pszjlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| James S Yan | jsyan@msn.com |

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) December 5, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> None – N/A

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 5, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and U.S. Courthouse
255 East Temple Street, Suite 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2016 | Melvin Harris | /s/ *Melvin Harris* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.