LAW OFFICES OF STEPHEN R. WADE, P.C.
STEPHEN R. WADE, CSB#79219
405 N. INDIAN HILL BLVD.
CLAREMONT, CA 91711
PHONE (909)985-6500
FAX (909) 399-9900

ATTORNEYS FOR DEFENDANT LUCY GAO

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Debtor and Debtor in Possession.<br><br>OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LUCY GAO, an individual, and BENJAMIN KIRK, an individual;<br><br>Defendants. | Case No. 2:16-bk-13575-ER<br><br>Chapter 11<br><br>Adv. No. 2:16-ap-01337-ER<br><br>**TRIAL BRIEF OF DEFENDANT LUCY GAO**<br><br>TRIAL<br>Date: August, 2, 3 & 4, 2017<br>Time: 9:00 a.m.<br>Place: 255 E. Temple<br>Los Angeles, CA 90012<br>Judge Earnest M. Robles |

To The Honorable Earnest M. Robles:

Defendant Lucy Gao, ("Gao") submits the following Trial Brief in the above entitled matter:

I    **INTRODUCTION**

This adversary proceeding arises out of the Chapter 11 Bankruptcy case filed voluntarily by the Debtor, Liberty Asset Management Corporation, ("Debtor") on March 21, 2016. Pursuant to the Stipulation approved by the Order of the Court in that matter entered on July27, 2016 (Docket #163), the Official Unsecured Creditors Committee for the Debtor (the "Committee") was granted standing to

pursue Adversary Proceedings and Avoidance Actions against "Insiders" of the Debtor.. The Committee as Plaintiff filed this adversary proceeding on July 28, 2016. The Complaint contained Eleven (11) Claims for relief. Included in those were a First Claim for Relief against Defendant Benjamin Kirk ("Kirk") for Breach of Fiduciary Duty, a Second Claim for Relief against Gao for Breach of Fiduciary Duty and an Eleventh Claim for Relief against Kirk and Gao for an Accounting. as Defendants. No Cross Claims or Counter Claims were filed in the case. The remaining Claims for Relief against Gao were for Conversion ( Third Claim), Fraudulent Transfers (Fourth, Fifth, Sixth, Seventh and Eighth Claims), Money Had and Received (Ninth Claim) and Unjust Enrichment (Tenth Claim).

## II    SUMMARY ADJUDICATION

The Committee filed a Motion for Summary Adjudication seeking a determination of issues of fact and law relative the matter. Gao filed opposition, which was disregarded by the Court due to a finding that her invocation of her Fifth Amendment privilege against self incrimination in a motion in the Chapter 11 case. The Motion for Summary Adjudication was granted and the Court entered a series of Findings of Fact and Conclusions of Law by Order entered on January 25, 2017. (Docket #57). These findings and conclusions are contained in Plaintiff's Exhibit 2 at trial.

Included in these finding of fact are, *inter alia*, the following:

1. Gao was a "manager" of the Debtor.
2. Gao held an equitable interest in the Debtor since its inception.
3. Gao's interest in the Debtor is based on oral promises that she will receive a 20-50 percent profit share from investments.
5. Gao "handled" Liberty's funds, while Kirk focused on sales.
6. Gao and Kirk had signature authority to transfer Liberty funds. For certain accounts signing authority was also vested in Vanessa Lavandera and Helena Cosman.
7. Gao was in charge of overseeing the Debtor's accounting functions, ensuring timely tax returns were prepared; maintaining records pertaining to the purchase and sale of assets, maintaining records pertaining to the financing of assets; records pertaining to the flow of funds from investors and maintaining Quickbook records.

14. Gao has testified that she was "the sole member of limited liability companies {Kirk} ordered staff to form for the purpose of owning or financing the properties to be purchased.

15. Gao has testified that "this {LLC ownership] structure necessarily required me to sign certain documents in order for the various limited liability companies to acquire real property".

16. Gao admits that, with the exception of Bridgestream Management LLC, and East Heights LLC, (which hold properties allegedly acuired prior to the Debtor's formation and owned by Gao or her mother) all of the property held by the Investment Entities is actually owned by the Debtor.

17. "Investment Entity" is defined in paragraph 11 of the Complaint as a single purpose limited liability entities set up to acquire assets "each of which would be capitalized with funds provided by Liberty".

18. Gao knew that the funds provided by Kirk for the purchase of real estate belonged to Liberty because she handled the transfer of those funds.

24. All of the Debtor's books and records have been turned over to Liberty's Chief Restructuring Officer.

25. Eric Held, who is competent to testify as to such issues, has testified that the books and records that have been turned over to Liberty's Chief Restructuring Officer are incomplete and insufficient to permit a proper accounting for funds received and distributed over the last four years.

27. The Committee has presented sufficient, competent evidenced to demonstrate that it is unlikely, if not impossible for Gao to provide a full and complete accounting for the Debtor's funds used and controlled by her, and Gao has not presented any evidence to the contrary.

Included in the Conclusions of Law are the following:

1. Once transferred to Liberty, investors funds became LAMC's property and the so called

"investors" became creditors of Liberty.

4. With the exception of Bridgestream Management LLC, and East Heights LLC (which holds properties allegedly acquired prior to the Debtor's formation and are owned by Gao or her mother) as the sole member of the Investment Entities, Gao held all of the membership interests in the Investment Entities in trust for the Debtor.

5. With the exception of Bridgestream Management LLC, and East Heights LLC (which holds properties allegedly acquired prior to the Debtor's formation and are owned by Gao or her mother) as the legal holder of the membership interests in the Investment Entities, Gao owed fiduciary obligations to the Debtor, the beneficial owner of said interests.

6. While she may not have been formally designated as an officer of the Debtor, by, among other things, exercising domain and control over the Debtor's assets as both an agent of the Debtor and trustee of its assets Gao assumed a fiduciary obligation to the Debtor to account for those assets.

7. As a fiduciary Gao bears the responsibility of accounting for funds entrusted to the Debtor.

11. Liberty (and the Committee, standing in the shoes pursuant to the Stipulation Regarding the Official Committee of Unsecured Creditors Standing to Pursue Adversary Proceedings, Bring Avoidance Claims and Litigation or Compromise Adversary Proceedings, filed in the main case as Dkt. No. 163), has standing to pursue the breach of fiduciary duty claims (First and Second Claims for Relief) and the accounting claim (Eleventh Claim for e against Kirk and Gao..

13. Gao breached her fiduciary duty to the Debtor by, among other matters, diverting the Debtor's assets to herself and to entities under her control and failing to account for the Debtor's assets.

14. Kirk and Gao each bear the burden of proof to account to the Debtor. Stated differently, the Defendants must demonstrate that all monies entrusted to the Debtor through them were properly managed by rendering an account of all receipts and disbursements,

showing when, to whom, and for what purpose payments were made.

15. Gao and Kirk can neither account for the Debtor's funds that were controlled by them, nor have they demonstrated that any such accounting is possible.

16. Gao is precluded from testifying on subjects as to which she previously successfully asserted her Fifth Amendment rights.

19. Liberty has suffered damages based upon diversion of assets and the Defendants' inability to account for such assets.

20. The Court's adjudication herewith that Gao and Kirk are liable under the First, Second, and Eleventh Claims for Relief constitutes and interlocutory order.

## III   THE JOINT PRETRIAL STIPULATION

The Parties prepared and filed with the Court a Joint Pre-Trial Stipulation. (The "JPTO") The JPTO was approved by Order of the Court entered on July 27, 2017. The JPTO contains 62 statements of fact not in dispute and three (3) statements of fact (with thirty (3) sub-parts) in dispute at trial. The facts in dispute relate to specific transaction in which Gao participated and in which she either received payments from the Debtor,, or the Investment Entities, or which constituted "Reckless Investments" by the Debtor in Saigon Bank stock, a hedge fund, Foundation Managing Member, LLC through an Investment Entity, Strong Water Capital Management, LLC ("Strong Water Capital") or forfeited deposits on real estate purchases. In neither the Undisputed nor the Disputed Facts in the JPTO was there any reference to the amount of damages sustained by a failure to account for funds entrusted to the Debtor. Instead, the facts at issue all go to an accounting explaining where money from the Debtor went.

Further, the Plaintiff's Exhibits to the JPTO consist almost entirely of cancelled checks payable to Gao from the Debtor and Investment Entities, documents supporting investments of funds from the Debtor and the Investment Entities in Saigon Bank, Strong Water Capital and lost deposits on real estate purchases.

In that JPTO the Issues of Law to be decided by the Court at trial are limited to two.

1. The amount of damages caused by Kirk arising from his breach of fiduciary duties to the Debtor and failure to account for assets of the Debtor.

DEFENDANT GAO'S TRIAL BRIEF
5

    2.    The amount of damages caused by Gao arising from her diversion of assets of the Debtor and failure to account for assets of the Debtor.

## IV    PLAINTIFF'S TRIAL BRIEF

Plaintiff filed a Trial Brief on July 24, 2017. In stark contrast to the JPTO the Trial Brief presents a markedly different theory of recovery than in the JPTO. It sets forth a basis for calculating damages based entirely on a failure to by Defendant Gao to provide an accounting. Acknowledging its difficulty in establishing damages for failure to account in the absence of complete and accurate accounting records as determined by the grant of Summary Adjudication, it goes to a formulation of damages not set forth in the JPTO. Rather than assert the damages as set forth in the JPTO, Plaintiff argues that the damages for failure to account against Gao are in the amount of "at least $77 million" and are established by:

    1.    The Amount of Investor Funds received by the Debtor and not returned to them according to Claims filed in the case. $37.8 Million; and,

    2.    A series of unpaid loans from Huesing Holdings LLC totaling $5,85 Million; and,

    3.    The net proceeds from the sale of real property at 166 Geary Street, San Francisco by an Investment Entity, HK Grace Building, LLC in the amount of $27.8 million; and,

    4.    Losses to the Debtor from payments made to the Defendants from the sale of assets in the bankruptcies of Diamond Waterfalls LLC and Coastline Investments in the amount of $3.35 Million; and,

The Trial Brief fails to allege the amount of damages, if any resulting from a "diversion of assets of the Debtor"

## V.    PLAINTIFF'S MOTION IN LIMINE

Plaintiff's Motion in Limine seeks avoid Defendant Gao from presenting documentary and testimonial evidence of her disposition of funds which she allegedly diverted to herself from the Debtor and the related entities on four (4) theories.

First, that the Court should exclude Gao's proposed Exhibits and related testimony as irrelevant because the Court has already determined that Gao is liable for failure to account. This argues that the

Summary Adjudication has already ruled that Gao s liable for failure to account and thus any testimony or evidence from Gao attempting to account for funds is irrelevant. It relies upon Findings of Fact 23, 26 and 27 along with Conclusion of Law 16 for this proposition. Instead, Plaintiff argues that the proper measure of damages based upon a fiduciary's failure to account is the "money that was entrusted to the fiduciary that cannot be accounted for.". (Trial Brief p. 4 lines 22-23)

Second, that Gao's proposed Exhibits and related testimony should be barred because a partial accounting is meaningless and does not satisfy her burden of proof. Much the same as the prior argument, here, Plaintiff argues that merely providing only certain documents regarding the disposition of funds received by her does not satisfy the burden of proof of a full accounting of "every item of an account by satisfactorily evidence". (*Blackmon v. Hale*, 1 Cal 3d 548, 560 (1970))

Third, Plaintiff argues in its Motion in Limine that the Court should excluded Gao's proposed Exhibits and related testimony because their presentation will unduly waste the Court's time and cause prejudice to the Committee. Here, the Plaintiff correctly states that the Exhibits and related testimony will seek to "demonstrate that money diverted to her personal accounts was, in certain instances, used to pay the Debtor's expenses or returned to the Debtor or Investment Entities." ( Trial Brief p. 7, lines 8-10) The Movant argues that the evidence should be barred as prejudicial since, "The Court has already determined that Gao is unable to account to the Debtor, and Gao's various proposed exhibits do not mitigate the damages resulting from her fundamental inability to account." (Trial Brief p. 7 lines 16-18).

Finally, Plaintiff argues that insofar as the proffered evidence relates to an explanation of the disposition of the $8.5 million received by Gao from the sale of the Geary property, the Court has already found that Gao "misappropriated" those funds under its Finding of Fact #23 and that by asserting her Fifth Amendment privilege in a motion for turnover in the main case she is barred from testifying on this subject pursuant to Conclusions of Law #26 and #16.

## VI    ISSUES AT TRIAL

The Course of Trial in this matter is obviously contingent in large part on 1) the ruling of the Court on the Motion in Limine and 2) the theory of recovery pursued by the Plaintiff at trial. In the event the Motion in limine is granted, Gao will not be allowed to present any evidence of monies paid by her

to the Debtor and the Investment Entities and which should be credited against funds received by her from the Debtor and the Investment Entites. If the motion is denied, Gao's case will involve primarily the identification of these offsets.

If the Plaintiff proceeds as outlined in its Trial Brief and attempts to establish its damages for Gao's "failure to account", Gao's defense will be limited to disputing the factual and legal basis for that position.

Until these matters are determined, Gao is not in a position to respond in this Trial Brief. To do so would be a waste of the Gao's limited resources, and of judicial time. Instead, Gao will request an opportunity to submit a written post trial brief.

Respectfully Submitted,

Dated: July 27, 2017        LAW OFFICES OF STEPHEN R. WADE


By:    /s/ Stephen R. Wade
       Stephen R. Wade

DEFENDANT GAO'S TRIAL BRIEF

8

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**405 N. Indian Hill Blvd., Claremont, CA 91711**

A true and correct copy of the foregoing document entitled (*specify*): **TRIAL BRIEF OF DEFENDANT LUCY GAO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 27, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- William Crockett    wec@weclaw.com, ksa@weclaw.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Timothy J Silverman    tsilverman@scheerlawgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com
- James S Yan    jsyan@msn.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 27, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Hon. Ernest M. Robles
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/27/17 | Alicia Cosio | /s/ Alicia Cosio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**